THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
OTTO BAER, Defendant-Appellant.

Third District    No. 79-955

Opinion filed June 4, 1981.—Rehearing denied July 13, 1981.

Duane D. Young and Michael B. Metnick, both of Young Law Offices, P. C., of Springfield, for appellant.

Bruce Black, State's Attorney, of Pekin (John X. Breslin, of State's Attorneys Appellate Service Commission, and G. Edward Orr, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

Following an accident on Route 24 in Tazewell County, defendant Otto M. Baer was issued uniform citations and complaints charging him

with driving while intoxicated and with failure to yield the right-of-way. The uniform traffic ticket provides that, upon a plea of guilty to the failure-to-yield charge, he could pay a fine of $25 plus $10 costs by mail. The charge of driving while intoxicated, on the other hand, required defendant to appear in court. Defendant entered a plea of not guilty to both charges, and, after a jury trial, was found guilty of the failure-to-yield charge and not guilty of driving while intoxicated. At the sentencing hearing, the State introduced as evidence in aggravation an abstract of defendant's past driving record furnished by the Secretary of State's office. That record showed two convictions for reckless driving, one in 1971 and one in 1976; a conviction for driving while intoxicated in 1979; and several other moving violations. Defendant offered no evidence in mitigation, other than to state that there were "certain things in that State report that are not true."

The court made the following findings:

"[F]irst of all * * *, the State has entered into evidence Exhibit Number One which indicates that the Defendant has basically a bad driving record; secondly, the Court would note that no mitigating circumstances have been offered in this proceeding before the Court; thirdly, the Defendant has indicated absolutely no remorse for the fact that he caused an accident resulting in several thousand dollars worth of damages; finally, the case itself indicates that there was an accident as a result of the Defendant's driving conduct herein and as a result of which heavy damages were sustained."

The court then imposed a fine of $500 plus $50 costs. Defendant has appealed from the fine, asserting three errors: (1) that the trial court could not legally impose a fine greater than $25; (2) that the court improperly admitted into evidence the computer printed abstract of his driving record from the Secretary of State's office; and (3) that the court improperly considered the amount of damage resulting from the collision.

■■ Defendant first contends that the trial court could not impose a fine greater than $25 plus costs. Supreme Court Rule 529 (Ill. Rev. Stat. 1979, ch. 110A, par. 529(a)) provides that those traffic offenses not requiring a court appearance may be satisfied by a written plea of guilty and payment of a fine in the amount of $25 plus costs. Defendant argues that the $25 fine provided in Rule 529 is mandatory in all traffic cases whether defendant pleads guilty or is found guilty after a trial. We must reject defendant's interpretation since the plain language of the rule limits its application to those cases where defendant pleads guilty.

■■ Defendant also argues that by imposing a $500 fine after a trial and guilty verdict, the court violated his constitutional rights to due process,

equal protection, and trial by jury since the effect was to penalize him for exercising his right to plead not guilty and to be tried by a jury. As the court observed in *People v. Zlatnik* (1975), 29 Ill. App. 3d 498, 331 N.E.2d 1, it is the responsibility of the trial judge to fix the amount of a fine following a trial, and the schedule of fines provided by Rule 529 does not impose a limitation upon the court's discretion in such a case. A similar principle applies in cases where the State has agreed upon a sentence in return for the defendant's guilty plea. It is axiomatic that such plea negotiations are merely recommendations to the court, and the imposition of a sentence remains a judicial function. (*People v. Weeks* (1976), 37 Ill. App. 3d 41, 344 N.E.2d 791.) Here defendant chose as a matter of strategy to forego the advantages of the minimal fine result provided by Rule 529 in order to chance gaining an acquittal. When his strategy did not work, he cannot claim that he is nevertheless entitled to the limitations of the rule. The court has the discretion to impose a fine greater than $25.

■■ Defendant next contends that the court erred in admitting into evidence at the sentencing hearing a computer printed abstract of his driving record provided by the Secretary of State, without laying the proper foundation and without the proper certification. The document introduced into evidence contained a facsimile of the seal of the State of Illinois and also a facsimile of the Secretary of State's signature. We note that section 6—118(f) of the Illinois Vehicle Code (Ill. Rev. Stat. 1979, ch. 95½, par. 6—118(f)) provides that such an abstract "shall be prima facie evidence of the facts therein stated * * *." Obviously the abstract was properly admitted under this section. In order to expedite the handling of the tremendous volume of traffic violations, the legislature has provided for the use in court of these mechanically certified driving records. Although defendant said that "certain things" on the State report were untrue, he did not challenge nor identify any specific items. In the absence of evidence of particular errors in the record, we believe the abstract was properly considered by the trial court and supported the $500 fine imposed.

■■ The final issue presented by defendant is that the trial court's finding that the accident "resulted in several thousand dollars in damages" was not supported by competent evidence. This argument stems from trial testimony of the prosecution's chief witness, the victim, who stated that he had to pay "a little over $2,000" to have the damage to his car repaired. The court overruled defendant's objection that this testimony was irrelevant. While defendant says the ruling was erroneous, he cites no cases, and he did not appeal from his conviction. Thus he does not claim that the alleged error was reversible or that it would change the verdict of guilty. Under the circumstances, we are not persuaded that the court reversibly

erred in ruling the testimony to be relevant, or that the sentence should be vacated.

For the reasons stated, we affirm the conviction and sentence.

Affirmed.

ALLOY and STOUDER, JJ., concur.