17 March 2000

No. 2--99--0389

________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

________________________________________________________________

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court

OF ILLINOIS, ) of Du Page County.

)

Plaintiff-Appellee, ) 

                                )                   

v. ) No. 98--CF--112

)

LOUIS HRUZA,       ) Honorable

) Michael J. Burke, 

Defendant-Appellant. ) Judge, Presiding.

________________________________________________________________

JUSTICE GALASSO delivered the opinion of the court:

Defendant, Louis Hruza, appeals his conviction of driving under the influence of alcohol (DUI) (625 ILCS 5/11--501(a)(2), (d)(1)(D) (West 1998)) and felony driving while license revoked (625 ILCS 5/6--303(a), (d) (West 1998)).  He contends that (1) the trial court should have dismissed the indictment, which allegedly resulted from perjured testimony; (2) the trial court erred in applying retroactively an amended statute (625 ILCS 5/2--123 (West  1998)) regulating the transmission and evidentiary use of driver's license abstracts; and (3) he was not proved guilty beyond a reasonable doubt.

Gregory Compton of the Westmont police department was stopped at a red light at Naperville Road and Cass Avenue on August 7, 1997, when he saw a red Taurus make a wide left turn onto Cass Avenue.  The car straddled two southbound lanes for about 100 feet. When the road narrowed to one lane, the car crossed the double yellow line for about 10 feet.  The car continued weaving within its lane for about five blocks.

Compton followed the red car.  He saw it change to the curb lane and continue to weave within that lane.  It also straddled the white fog line for about 40 feet.  At 55th Street, the officer activated his emergency lights.  The driver of the car turned onto 56th Street and stopped the car without difficulty.

As Compton approached the car, he noticed that the driver, whom he identified as defendant, had red, bloodshot, and glassy eyes; red cheeks; and a strong odor of an alcoholic beverage.  Compton asked defendant for his driver's license and proof of insurance.  After thumbing through his wallet for several minutes, defendant produced an Illinois state identification card.  In response to the officer's question, defendant said that he did not believe his license was currently valid.  Defendant also said that he had drunk several beers at a golf outing earlier in the day.

Defendant got out of the car, using the top of the door for support.  Compton observed that defendant swayed slightly as he walked to the rear of the car.  Defendant correctly recited the alphabet, "stopping briefly" between letters.  Compton administered the horizontal gaze nystagmus (HGN) test.  According to Compton, defendant's eyes did not follow smoothly, indicating a possibility that defendant was under the influence of alcohol.

Compton also administered the finger-to-nose test.  Defendant started twice before the instructions were finished.  On the left-

handed rotations, he touched his face below the nostril and once he put his arms down.  Compton concluded that defendant failed the test.  Defendant declined to perform the one-leg-stand and walk-

and-turn tests, citing a hip injury.  Compton then arrested defendant for DUI.  Defendant refused to take a breathalyzer test.

Defendant's brother, Alan Hruza, testified that he and defendant played golf from 11 a.m. until 4 or 4:30 p.m. that day.  After the round, they each had one beer in the clubhouse. They went to Alan Hruza's house to change clothes and drop off their clubs.  They proceeded to the Plantation restaurant for a banquet and then played cards.  Defendant had beer during dinner but switched to coffee during the card game.  They left the restaurant about 11 p.m., with defendant driving a rental car. Defendant's driving, speech, and gait seemed normal.

Defendant corroborated much of his brother's testimony.  He testified that he has knee, back, and hip injuries.  He denied driving erratically or being under the influence of alcohol that night.

Over defendant's objection, the State introduced his driver's license abstract, which had been electronically transmitted from the Secretary of State's office.  The State introduced additional documentation of defendant's prior convictions to support the enhanced DUI charge.  The trial court found defendant guilty of DUI and driving while license suspended.

Defendant moved to dismiss the indictment based on a due process violation and later filed a motion for a new trial.  The trial court denied both motions and sentenced defendant to 15 months' imprisonment.  Defendant filed a timely notice of appeal.

Defendant first contends that the court erred in denying his motion to dismiss the indictment.  He argues that he was denied due process because Officer Compton committed perjury in his grand jury testimony.  The factual basis for this claim is as follows.

At the grand jury hearing, Compton was asked whether defendant failed the field sobriety tests.  He responded, "The ones he did perform for me, he did fail."  At trial, Compton testified that defendant correctly recited the alphabet.  He said that during such a test he listens to the suspect to determine whether his or her speech is slurred.  As defendant performed the tests, Compton  noticed some slurring and stuttering, as well as pauses between the letters.  However, on cross-examination, Compton testified as follows:

"Q. So he passed the test?

A. Yes."

Defendant contends that Compton perjured himself before the grand jury when he testified that defendant failed all the field sobriety tests he took when in fact defendant had passed at least one.  He further contends that because of this, all of Compton's grand jury testimony must be disregarded.  He argues that, because Compton was the only witness before the grand jury, there was no evidence to support the indictment, resulting in a denial of due process.

The State responds that Compton's testimony was not actually false because he clarified that he evaluates the test based on factors other than the suspect's ability to recite the alphabet correctly.  The State also contends that, even if Compton's testimony was false, the remedy is to disregard only the false testimony and that the remainder of his testimony before the grand jury amply supports the indictment.

A trial court has the inherent power to dismiss an indictment where a clear denial of due process has occurred.  
People v. Lawson
, 67 Ill. 2d 449, 456 (1977).  However, the power should be used with great restraint and only when a violation is clearly established.  
People v. Torres
, 245 Ill. App. 3d 297, 300 (1993).

An indictment based on perjured testimony may be dismissed if a due process violation is established with certainty.  
People v. DeCesare
, 190 Ill. App. 3d 934, 944 (1989); see 
People v. Creque
, 72 Ill. 2d 515, 524 (1978).  A court should not dismiss an indictment unless all of the testimony upon which the indictment is based is incompetent.  
DeCesare
, 190 Ill. App. 3d at 944; 
People v. Schulz
, 154 Ill. App. 3d 358, 367 (1987).  Generally speaking, the validity of an indictment is not affected by the character of the evidence considered.  
People v. J.H.
, 136 Ill. 2d 1, 10 (1990).

It appears that Compton's statement to the grand jury that the defendant had failed all the field sobriety tests was incorrect. Compton clearly stated at trial that defendant "passed" the alphabet test.  Nevertheless, even if that statement is disregarded, the additional evidence before the grand jury was sufficient to support the indictment.  Compton said that he stopped defendant after he saw him swerving and described his physical appearance.  We emphasize that, according to the above-cited cases, the courts' role in reviewing grand jury proceedings is extremely limited.  Courts may dismiss an indictment that is based solely on perjured or otherwise incompetent evidence, but they are not to scrutinize the proceedings to evaluate the weight and quality of the evidence.  Therefore, the trial court did not err in sustaining the indictment.

Defendant next contends that the court erred in applying retroactively amended section 2--123 of the Illinois Vehicle Code (625 ILCS 5/2--123 (West 1998)).  He argues that the retroactive application of the statute changed the State's burden of proof in violation of the 
ex post facto
 clauses of the federal and state constitutions (U.S. Const., art. I, §10; Ill. Const. 1970, art. I, §16).  The State responds that the changes wrought by the amendments were merely procedural and may therefore be applied retroactively.

A law is 
ex post facto
 if it is both retroactive and more onerous than the law in effect on the date of the offense.  
People v. Shumpert
, 126 Ill. 2d 344, 351 (1989).  Thus, a law is 
ex post facto
 if it alters the rules of evidence to make conviction easier. 
People v. Anderson
, 53 Ill. 2d 437, 441 (1973).  A law that decreases the degree of proof necessary to convict a defendant is 
ex post facto
 if applied retroactively.  
Thompson v. Missouri
, 171 U.S. 380, 385, 43 L. Ed. 204, 207, 18 S. Ct. 922, 924 (1898); 
Shumpert
, 126 Ill. 2d at 351.  However, the 
ex post facto
 clause does not limit the legislature's control of remedies or modes of procedure if they do not affect matters of substance.  
People v. Kotecki
, 279 Ill. App. 3d 1006, 1011 (1996).

Defendant was arrested on August 7, 1997.  Section 2--123 was amended shortly thereafter.  The statute, with the language added by the amendment italicized, now reads as follows:

"The Secretary may also furnish the courts a copy of an abstract of a driver's record, without fee, subsequent to an arrest for a violation of Section 11--501 or a similar provision of a local ordinance.  ***

6.  Any 
certified
 abstract issued by the Secretary of State 
or transmitted electronically by the Secretary of State
 pursuant to this Section, to a court or on request of a law enforcement agency, for the record of a named person as to the status of the person's driver's license shall be prima facie evidence of the facts therein stated and if the name appearing in such abstract is the same as that of a person named in an information or warrant, such abstract shall be prima facie evidence that the person named in such information or warrant is the same person as the person named in such abstract 
and shall be admissible for any prosecution under this Code and be admitted as proof of any prior conviction or proof of records, notices, or orders recorded on individual driving records maintained by the Secretary of State
."  625 ILCS 5/2--123 (g)(5), (g)(6) (West 1998).

Defendant's argument is difficult to follow.  He appears to argue that the amended statute lessens the State's burden of proof because it makes an electronically transmitted copy of a driver's abstract, rather than a certified paper copy, 
prima facie
 evidence of the facts therein recited.  We fail to see how this amendment eases the State's evidentiary burden.  The amended statute provides, as before, that the abstract is 
prima facie
 proof of the facts it contains.  If anything, the statute arguably eases the burden on the Secretary of State, who may transmit the document electronically rather than take it to the post office for mailing, but this does not in any way make convictions easier.  The amendment is clearly procedural and may be applied retroactively.

We acknowledge that the provision for electronic transmission may in some cases make tampering with the records easier, but defendant does not allege that that occurred here.  Neither in the trial court nor in this court has defendant contended that anything in his driving abstract is incorrect.  Thus, even if the trial court somehow erred in applying the statute retroactively, defendant was not prejudiced.

Although defendant does not specifically raise this argument, the State points out that the amendment to section 2--123 also added the language providing that the abstract shall be admissible and shall be deemed "proof of any prior conviction" (625 ILCS 5/2--

123(g)(6) (West 1998)).  The State argues that defendant could not succeed on this point in any event because the amendment merely clarifies what had been the common practice before the amendment and is merely procedural.  We agree.

Not every alteration of the law existing at the time of the offense violates the 
ex post facto
 clause.  
People v. Dorff
, 77 Ill. App. 3d 882, 884 (1979).  In 
Kotecki
, this court upheld the retroactive application of an amendment allowing the admission in a DUI prosecution of the results of a blood-alcohol test given in conjunction with emergency medical treatment.  
Kotecki
, 279 Ill. App. 3d at 1013; see 625 ILCS 5/11--501.4 (West 1994).  We held that the amendment did not alter the law to require less proof, in amount or degree, to convict.  Therefore, the law was merely procedural and could be applied retroactively.  
Kotecki
, 279 Ill. App. 3d at 1013.  The same conclusion applies here.  The amendment merely clarifies the manner in which an element of the offense may be proved.  Moreover, as the State argues, the amendment seems merely to have codified the existing law and practice.  We note that no contention is made that the amendment creates an irrebuttable presumption that the information in the abstract is correct.  Rather, the amended statute simply provides that the abstract may be offered as "proof" the same as any other evidence. Here, defendant had the opportunity to rebut the facts in the abstract but did not do so.

Defendant finally contends that he was not proved guilty beyond a reasonable doubt of DUI.  We disagree.  Where the sufficiency of the evidence is challenged on appeal, the relevant question is whether, after viewing all the evidence in a light most favorable to the prosecution, a rational trier of fact could have found all the elements of the offense beyond a reasonable doubt. 
People v. Collins
, 106 Ill. 2d 237, 261 (1985).  A criminal conviction will not be set aside unless the evidence is so improbable or unsatisfactory that it creates a reasonable doubt of defendant's guilt.  
People v. Brackett
, 288 Ill. App. 3d 12, 19 (1997).  A reviewing court is not permitted to substitute its judgment for that of the trier of fact on questions involving the weight of the evidence, the credibility of the witnesses, or the resolution of conflicting testimony.  
People v. Campbell
, 146 Ill. 2d 363, 375 (1992).

Here, Officer Compton testified that he saw defendant driving erratically.  After he pulled him over, Compton saw that defendant exhibited the usual signs of intoxication.  Although defendant correctly recited the alphabet, he failed two other field sobriety tests.  He refused to take two others.  While defendant claimed that numerous injuries prevented him from taking the tests, he also testified that he had played golf earlier in the day.  Defendant admitted he had been drinking beer.

Defendant points to, at most, several minor inconsistencies in Compton's testimony.  These merely affect the weight of the evidence.  On the whole, the evidence amply supports the trial court's finding that defendant was guilty of DUI.

The judgment of the circuit court of DuPage County is affirmed.

Affirmed.

BOWMAN, P.J., and COLWELL, J., concur.