No. 2--06--0410                           filed: 1/31/07

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 05--CF--1041 |
| STEVEN MEADOWS, | ) ) | Honorable Charles D. Johnson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE CALLUM delivered the opinion of the court:

Defendant, Steven Meadows, was charged by information with driving while under the influence of alcohol (enhanced) (DUI) (625 ILCS 5/11--501(c--1)(3) (West 2004)) and driving while his driving privileges were revoked (enhanced) (DWLR) (625 ILCS 5/6--303(d) (West 2004)). At his bench trial, the State submitted defendant's driving abstract, which was computer generated and typed on a preprinted form. At the bottom of this preprinted form was the Secretary of State's preprinted certification, the Secretary of State's preprinted signature, and a preprinted seal of the State of Illinois. When the State moved to admit the abstract as proof of defendant's prior convictions, which was needed to establish both enhanced offenses, defendant objected, contending, among other things, that the abstract was not properly certified. The trial court overruled the objection and admitted the abstract. Defendant was found guilty, and he moved for a new trial, claiming that the trial court erred when it admitted the abstract without the requisite "gold seal" of

the Secretary of State. Citing section 2--123(g)(6) of the Illinois Vehicle Code (Vehicle Code) (625 ILCS 5/2--123(g)(6) (West 2004)) and People v. Baer, 97 Ill. App. 3d 94 (1981), the State argued that admission of a mechanically certified abstract was proper, noting that the abstract was transmitted electronically to the Lake County State's Attorney's office. In reply, defendant "admit[ted] that an abstract is sufficient under the law cited by the State" to establish prior convictions, but he contended that, for matters not relevant to this appeal, the authenticity of the abstract was questionable. The trial court denied defendant's motion for a new trial and sentenced him to concurrent prison terms of five years for DUI and two years for DWLR. This timely appeal followed.

On appeal, defendant argues that an abstract printed on a preprinted form is not properly certified for purposes of the Vehicle Code. The State contends that the abstract was properly admitted because the Secretary of State electronically transmitted it to the Lake County State's Attorney's office. Under the State's view, an abstract may be admitted pursuant to section 2--123(g)(6) of the Vehicle Code if one of two conditions is met: that is, the abstract must be certified, or the Secretary of State must transmit it electronically to an authorized official, such as an employee of the Lake County State's Attorney.

Before considering these issues, we address the State's claim that defendant waived review of the issue he raises on appeal because he conceded at posttrial proceedings that the abstract provided adequate evidence of his prior convictions. Although we recognize the validity of the State's argument, we choose to address the issue, as waiver is a limitation on the parties and not the courts. See People v. Lowe, 153 Ill. 2d 195, 199 (1992) (defendants who conceded that sentence

should include provision for restitution could challenge imposition of restitution on appeal because waiver is a limitation on the parties and not the courts).

In addressing the merits of this appeal, we begin our analysis with the specific provisions of the relevant statutes. Section 2--123(g)(6) of the Vehicle Code provides as follows:

> "Any certified abstract issued by the Secretary of State or transmitted electronically by the Secretary of State pursuant to this Section, to a court or on request of a law enforcement agency, for the record of a named person as to the status of the person's driver's license shall be prima facie evidence of the facts therein stated *** and shall be admissible for any prosecution under this Code and be admitted as proof of any prior conviction ***."

(Emphasis added.) 625 ILCS 5/2--123(g)(6) (West 2004).

On the other hand, section 6--303(f) of the Vehicle Code indicates that "[f]or any [DWLR] prosecution under this Section, a certified copy of the driving abstract of the defendant shall be admitted as proof of any prior conviction." (Emphasis added.) 625 ILCS 5/6--303(f) (West 2004).[1]

Construing a statute is a question of law that we review de novo. In re D.S., 217 Ill. 2d 306, 313 (2005). The primary rule of statutory construction is to ascertain and give effect to the legislature's intent. People ex rel. Devine v. Sharkey, 221 Ill. 2d 613, 617 (2006). The best indication of the legislature's intent is the language used in the statute, which must be given its plain and ordinary

---

[1]Defendant also refers us to section 11--501(d)(2) of the Vehicle Code, which likewise states that "[f]or any prosecution [for aggravated DUI] under this subsection (d), a certified copy of the driving abstract of the defendant shall be admitted as proof of any prior conviction." 625 ILCS 5/11--501(d)(2) (West 2004). However, defendant was prosecuted under subsection (c), not subsection (d), and, thus, we deem section 11--501(d)(2) irrelevant.

meaning. People v. McClure, 218 Ill. 2d 375, 382 (2006). When the statutory language is unambiguous, courts must apply the statute as written, without resorting to other aids of construction. People v. Fitzpatrick, 158 Ill. 2d 360, 364-65 (1994). Moreover, courts should consider the statute in its entirety, bearing in mind the subject it addresses and the legislature's apparent objective in enacting it. People v. Wooddell, 219 Ill. 2d 166, 170 (2006). With these principles in mind, we turn to the statutes at issue here.

Section 2--123(g)(6) provides that, in any prosecution under the Vehicle Code, the court may consider an electronically transmitted abstract. Section 6--303(f) states that, in any DWLR prosecution, the court may consider a "copy" of the abstract. Defendant does not suggest, nor could he do so plausibly, that an electronically transmitted abstract is not also a "copy." See People v. Hruza, 312 Ill. App. 3d 319, 324 (2000) (section 2--123(g)(6) permits use of "an electronically transmitted copy of a driver's abstract"). Thus, under either statute, the court was free to admit the electronically transmitted abstract if one condition was met: that is, under either statute, the abstract had to be certified.

The State asserts that, under section 2--123(g)(6), an electronically transmitted abstract need not be certified. That assertion is flatly refuted by the plain language of the statute. Section 2--123(g)(6) provides that the court may consider "[a]ny certified abstract" that is either "issued by the Secretary of State" or "transmitted electronically by the Secretary of State." 625 ILCS 5/2--123(g)(6) (West 2004). In either instance, the abstract must be certified. Indeed, the opposite result would be absurd. As we have noted, electronic transmissions raise particular concerns about tampering. Hruza, 312 Ill. App. 3d at 324-25. Accordingly, it would make little sense to require that only "issued" abstracts be certified.

We next consider the central issue in this case: whether an abstract printed on a preprinted form, which contains a preprinted certification from the Secretary of State that the information on the abstract is true and accurate, is properly "certified" for purposes of the Vehicle Code. We find Baer instructive. In Baer, the State had admitted at sentencing an abstract of the defendant's driving record that contained a facsimile of the seal of the State of Illinois and a facsimile of the Secretary of State's signature. Baer, 97 Ill. App. 3d at 96. On appeal, the defendant claimed that this abstract was insufficient to prove his prior convictions. The appellate court, addressing the former version of section 2--123(g)(6) of the Vehicle Code, disagreed, noting that, "[i]n order to expedite the handling of the tremendous volume of traffic violations, the legislature has [implicitly] provided for the use in court of these mechanically certified driving records." Baer, 97 Ill. App. 3d at 96, citing Ill. Rev. Stat. 1979, ch. 95½, par. 6--118(f) (now 625 ILCS 5/2--123(g)(6) (West 2004)).[2]

Defendant argues that Baer is not controlling because the certification requirements present in the relevant sections of the current Vehicle Code were not in effect when Baer was decided. We disagree. In contrast to defendant's position, a reading of the relevant statutes and Baer reveals that the statutory language was amended to conform with Baer, not to depart from it. We conclude that Baer, like sections 2--123(g)(6) and 6--303(f) of the Vehicle Code, permits the admission of electronically transmitted abstracts printed on precertified forms originating from the Secretary of State's office as evidence of a defendant's prior convictions.

---

[2]Although section 6--118(f) provided that a defendant's abstract could be used to prove prior convictions, and although other subsections of section 6--118 indicated that an abstract could be certified, section 6--118(f) did not mandate that an abstract used to establish a defendant's prior convictions be certified.

Defendant also complains that anything printed on a precertified form automatically becomes certified once it is printed, regardless of whether it is true and accurate. Defendant fails to realize that the information a precertified abstract contains is not unchallengeable. Rather, under sections 2--123(g)(6) and 6--303(f), a certified abstract is only "proof" of a defendant's prior convictions. Once the State submits an abstract, a defendant always has the opportunity to present evidence to rebut the abstract's veracity. Hruza, 312 Ill. App. 3d at 325. However, when a defendant fails to challenge the abstract's accuracy, the abstract's contents are deemed accurate. See Baer, 97 Ill. App. 3d at 96 (when a defendant fails to particularize any error in the abstract, admission of an abstract on a form containing a precertification from the Secretary of State is sufficient to establish a defendant's prior convictions); People v. Manikas, 106 Ill. App. 2d 315, 323 (1969) (where defendant never challenged certificate from Secretary of State, the certificate the State presented was sufficient to establish that the defendant was driving while his operator's license was revoked). Here, defendant never claimed at trial or on appeal that the prior convictions on the abstract were inaccurate.

For these reasons, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

GROMETER, P.J., and GILLERAN JOHNSON, J., concur.