NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 180497-U

NO. 4-18-0497

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
February 18, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| JEFFREY L. JONES SR., | ) | No. 17CF751 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Adam M. Dill, |
| | ) | Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court.
Justices Holder White and Steigmann concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court did not err in denying defendant's motion to withdraw guilty plea.
Postplea counsel complied with Illinois Supreme Court Rule 604(d) (eff. July 1,
2017) despite failing to attach a supporting affidavit when defendant's contentions
of error were either of record or were capable of consideration at the meaningful
evidentiary hearing.

¶ 2    In October 2017, defendant, Jeffrey L. Jones Sr., pleaded guilty to one count of

aggravated driving under the influence of alcohol (DUI). The trial court sentenced him to 15 years

in prison as a Class X offender based upon defendant's prior violations. After filing a timely *pro se*

motion to withdraw his plea, counsel filed an amended motion claiming defendant's plea was not

knowing and voluntary, plea counsel did not act in defendant's best interests, and all parties

erroneously relied on a prior conviction that was not defendant's. The court denied defendant's

motion. He appeals, claiming (1) counsel failed to strictly comply with the affidavit requirements

of Rule 604(d) and (2) the court erred in denying his motion when it appeared he pleaded guilty relying on a misrepresentation of fact. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4            In June 2017, the State charged defendant with two counts of aggravated DUI. In October 2017, defendant entered into a negotiated plea agreement, wherein he pleaded guilty to count II in exchange for the dismissal of count I. As agreed, he was sentenced to a 15-year prison term. In count II, the State alleged defendant drove while under the influence of alcohol on June 4, 2017, after having five prior DUI convictions, making the offense a Class X felony. See 625 ILCS 5/11-501(d)(1)(A), (d)(2)(E) (West 2016). In the information, the State listed by case number six prior DUI's defendant committed in Allen County, Indiana. Defendant was represented by Morgan Farrington of the Champaign County Public Defender's Office.

¶ 5            In November 2017, defendant filed a *pro se* pre-printed "Motion to Withdraw Guilty Plea and Vacate Sentence," without stating any grounds in support of his requests other than to state he was "presently incarcerated." In a docket entry, the trial court appointed the public defender, mailed notice to Farrington's attention, and scheduled the matter for a hearing on March 5, 2018. On February 1, 2018, defendant sent a handwritten letter to the trial judge expressing his dissatisfaction with Farrington, stating he "never felt comfortable with her" and she "never even told [him] that [he] could appeal a guilty plea."

¶ 6            On February 7, 2018, defendant, with Farrington's assistance, filed an amended motion to withdraw his plea, alleging (1) the sentence was excessive, (2) his plea was not knowingly, understandingly, and voluntarily made because he felt Farrington was not acting in his best interests, (3) he did not feel comfortable with Farrington, (4) Farrington never told him he could appeal a guilty plea, and (5) he thought he had no other options than to take the negotiated

plea offer. The motion concluded with "Undersigned counsel does not confirm, endorse, or substantiate any of the defendant's claims contained in this motion."

¶ 7            On March 5, 2018, Farrington filed a Rule 604(d) certificate complying with the requirements of the rule. At a hearing on the same date, the trial court noted the amended motion to withdraw plea was "in the area where this may turn into an ineffective claim." The court continued the hearing, directed the case be reassigned within the public defender's office, and granted leave to file an additional amended motion.

¶ 8            On May 29, 2018, defendant, with the assistance of newly assigned counsel Michael Anderson, filed an amended motion to withdraw plea, alleging the same grounds as Farrington's amended motion but adding an allegation that the State and Farrington incorrectly considered a prior DUI that defendant did not commit. Apparently, one of the enumerated DUI cases from Indiana was committed by a different Jeffrey L. Jones with a different birth date. On June 8, 2018, Anderson filed a Rule 604(d) certificate, complying on its face with the requirements of the Rule. The State filed an answer, conceding the alleged error. However, the State claimed the error was "not a defense worthy of consideration because, despite the error, this DUI violation [was] still Defendant's sixth [ ] violation, which would satisfy the requirements for the statute and not change the charges or the State's offer."

¶ 9            On June 11, 2018, the trial court conducted a hearing. Farrington testified that she received a list of defendant's known prior DUI's during discovery. She did not "do any investigation into that list of priors" except to "check that they were prior convictions for the purpose of the offense." On cross-examination, Farrington said the discovery she received also included defendant's driving abstract. On redirect examination, Farrington was shown the list of defendant's known priors and testified it showed six prior DUI's.

¶ 10 Defendant testified he and Farrington "never actually fully went completely over" the discovery, otherwise she would have realized one of the DUI's was not his. Defendant did not feel that Farrington was acting in his best interests. Farrington advised defendant it was best to plead guilty or face "a lot more time." Defendant also testified he voluntarily accepted the plea agreement, stating "she didn't force me to take it."

¶ 11 The State recalled Farrington as a witness. She testified she normally only conducts a cursory review of a defendant's prior convictions to ensure accuracy for charging purposes, which is what she did in this case. She said that because Class X sentencing was triggered with six or more convictions, it did not matter whether the discovery listed five or six priors for defendant. That is, defendant's record would still trigger Class X sentencing even without the prior that was not actually his.

¶ 12 Agreeing with the State's position, the trial court denied defendant's motion, finding he had failed to demonstrate any reason to allow him to withdraw his guilty plea.

¶ 13 This appeal followed.

¶ 14 II. ANALYSIS

¶ 15 A. Rule 604(d) Compliance

¶ 16 Defendant claims Anderson's failure to strictly comply with Rule 604(d) certification requirements requires a reversal of the trial court's order denying his motion and a remand for the filing of a new motion and a new hearing. Defendant asserts Anderson failed to attach an affidavit verifying the factual assertions set forth in his amended motion. Specifically, defendant claims, counsel failed to present an affidavit attesting to (1) why defendant felt Farrington was not acting in his best interests, (2) why defendant did not feel comfortable with Farrington, (3) whether Farrington told defendant he could appeal a guilty plea, (4) the details and

circumstances of the prior DUI that was considered in this case but was not defendant's, and (5) why defendant thought he had no other option than to accept the plea.

¶ 17 Rule 604(d) sets forth the procedural requirements before defendant can appeal after a guilty plea. Such certification assures the trial court that the defense counsel has reviewed the defendant's claim and has considered all the relevant bases for a motion to withdraw a guilty plea. *People v. Linder*, 186 Ill. 2d 67, 69 (1999). When a defendant has not waived counsel, defense counsel's filing of a Rule 604(d) certificate is a condition precedent to a hearing on the defendant's motion to withdraw a plea of guilty and to vacate the judgment. *People v. Dickerson*, 212 Ill. App. 3d 168, 171 (1991). Consequently, strict compliance with Rule 604(d) is required. *Linder*, 186 Ill. 2d at 69; *People v. Shirley*, 181 Ill. 2d 359, 371 (1998); *People v. Janes*, 158 Ill. 2d 27, 32 (1994). The issue of whether there has been compliance with supreme court rules is reviewed *de novo*. *People v. Hall*, 198 Ill. 2d 173, 177 (2001).

¶ 18 Here, defendant raises no issue as to the sufficiency of counsel's Rule 604(d) certificate on its face. Rather, defendant contends counsel failed to support the certificate with an affidavit, which was required because his motion concerned matters outside the record. The Rule states: "When the motion is based on facts that do not appear of record it shall be supported by affidavit[.]" Ill. S. Ct. R. 604(d) (eff. July 1, 2017). The proper remedy for counsel's failure to comply strictly with Rule 604(d)'s affidavit requirement is to remand the cause to the trial court for the opportunity to file a new motion to withdraw the guilty plea and a new hearing on the motion. See *People v. Bridges*, 2017 IL App (2d) 150718, ¶¶ 6, 12.

¶ 19 However, the State argues remand is unnecessary when the trial court was fully apprised of the facts supporting defendant's allegations in his motion to withdraw his plea. Either

the facts were of record or were presented at the evidentiary hearing on defendant's motion. Thus, the State claims, an affidavit was not necessary.

¶ 20    The *Shirley* court observed when the standard of strict compliance with Rule 604(d) is not met, the remedy is "a remand to afford defendant another opportunity to be heard on his Rule 604(d) motion." *Shirley*, 181 Ill. 2d at 371. When the remedy is granted, however, there was no further requirement for successive remands and rehearings. The court concluded the following:

> "There is nothing in the record, or in the two motions to reduce sentences, or in the two Rule 604(d) certificates filed by two different attorneys, which indicates any reason why this court should remand the cause for a third hearing on defendant's claim that his sentences were excessive. In light of all these circumstances, requiring another remand and hearing on the motion to reduce sentences would be an empty and wasteful formality." *Id.* at 370.

The court found "limited value" in repeating the exercise of remanding when "the defendant was afforded a full and fair second opportunity to present a motion for reduced sentencing." *Id.* at 369. Although *Shirley* addressed multiple remands, the same principle applies here.

¶ 21    We agree with the Third District's conclusion "*Shirley* does not stand for the blanket proposition that a matter may only be remanded one time for compliance with Rule 604(d)" but does stand for "the proposition that where a defendant receives a full and fair hearing, technical noncompliance with Rule 604(d) need not give rise to multiple remands." *People v. Evans*, 2017 IL App (3d) 160019, ¶ 24. It was the substantive compliance with "Rule 604(d) certification requirements that ensures a full and fair postplea hearing." *Id.* (citing *People v. Love*, 385 Ill. App. 3d 736, 739 (2008)).

¶ 22 Defendant was afforded the due process Rule 604(d) seeks to provide, and therefore, a remand for strict compliance with Rule 604(d)'s affidavit requirement is unnecessary because, as the State asserts, either the facts supporting defendant's claims are of record or because he was afforded the opportunity in a full meaningful evidentiary hearing to present evidence supporting his claims.

¶ 23 In his amended motion to withdraw his plea, defendant alleged (1) his plea was not knowingly, understandingly, and voluntarily made because Farrington was not acting in his best interests, (2) he did not feel comfortable with Farrington, (3) she never told him he could appeal a guilty plea, (4) she incorrectly considered a prior DUI that was not his, and (5) he thought he had no other option than to take the plea offer. Defendant either testified to or had the opportunity to testify to facts supporting each of these allegations. That is, an affidavit would not have provided the trial court with any information that was not or could not have been presented at the hearing.

¶ 24 Defendant is not entitled to two bites at the apple when he had every opportunity at the full evidentiary hearing to present facts during his testimony that would have supported his claim that his guilty plea should be withdrawn. As our supreme court has stated, the purpose of Rule 604(d) is to ensure that "the trial judge who accepted the plea and imposed sentence be given the opportunity to hear the allegations of improprieties that took place outside the official proceedings and *dehors* the record[.]" *People v. Wilk*, 124 Ill. 2d 93, 104 (1988). The court here had that opportunity. *Cf. People v. Bridges*, 2017 IL App (2d) 150718, ¶ 11 (holding "the hearing in this case served little purpose other than to clear a procedural hurdle to this appeal," where the defendant presented no evidence in support of his motion).

¶ 25 Here, the hearing conducted on defendant's motion to withdraw was not "perfunctory" (see *People v. Keele*, 210 Ill. App. 3d 898, 903 (1991)) or a "charade" (see *People*

*v. Tejada-Soto*, 2012 IL App (2d) 110188, ¶ 14), rather, it provided the trial court a meaningful opportunity to consider defendant's alleged errors and to make a record for this court to consider on review. It appeared from our review of the transcript of the hearing, the trial court had ample information from which to determine whether any improprieties took place outside the official proceedings and *dehors* the record to support defendant's grounds to withdraw his plea. In other words, an affidavit in support of defendant's motion would not have advanced his claims in the trial court, and the lack thereof was not in contravention of the purpose of Rule 604(d).

¶ 26                              B. Denial of Motion to Withdraw Guilty Plea

¶ 27         Defendant next contends the trial court abused its discretion in denying his motion to withdraw his guilty plea when Farrington and the prosecutor admitted they relied on a prior DUI that was not defendant's and lacked a certified abstract on one of his remaining five alleged prior convictions. He claims this raised a doubt as to whether the State could have sufficiently proved his eligibility for Class X sentencing. He asserts that by pleading guilty under this misapprehension, he forwent the opportunity to go to trial where he may have been acquitted.

¶ 28         To withdraw his guilty plea, defendant must demonstrate "a manifest injustice under the facts involved." *People v. Akins*, 2016 IL App (4th) 150539, ¶ 36 (quoting *People v. Hughes*, 2012 IL 112817, ¶ 32). We review the trial court's decision denying a defendant's motion to withdraw for an abuse of discretion. *Id.*

¶ 29         Defendant pleaded guilty to aggravated DUI. The DUI offense was upgraded to an aggravated status because the State alleged he had at least five times prior committed DUI. See 625 ILCS 5/11-501(d)(1)(A) (West 2016). Because this would be his "sixth or subsequent violation," he was to be sentenced as a Class X offender. See 625 ILCS 5/11-501(d)(2)(E) (West 2016). In the information, the State listed case numbers for six prior violations, all occurring in

Allen County, Indiana. Of those six priors, one was admittedly mistakenly included, leaving five prior violations. As the trial court noted at the hearing on defendant's motion to withdraw guilty plea, "even with the mistake, we still have five prior DUI's" for defendant.

¶ 30 However, in its response to defendant's motion to withdraw his plea, the State indicated it acquired certified copies of conviction for only four of the five priors listed, as one State of Indiana file (Allen County case No. 02D04-9803-CM-2363) had been destroyed. But, the State noted, one of the four cases for which it had certified convictions specifically listed the destroyed file as a prior conviction. And, the destroyed file was included as a prior violation on defendant's Indiana driving abstract, which was tendered during discovery but was not referenced as a certified abstract. Nevertheless, defendant now in this appeal challenges the validity of the abstract and thus, the fifth violation. He claims it was likely the State could only prove four prior DUI's with certified convictions and may or may not have been able to prove the fifth without a certified abstract.

¶ 31 Defendant claims the trial court should have allowed him to withdraw his plea when it appeared his plea was based upon a misapprehension of the facts. The problem with defendant's argument here is, in the trial-court proceedings, he neither challenged the validity of the abstract nor claimed he did not commit the destroyed-file offense. "Once the State submits an abstract, a defendant always has the opportunity to present evidence to rebut the abstract's veracity." *People v. Meadows*, 371 Ill. App. 3d 259, 263 (2007). When a defendant fails to challenge the abstract's accuracy, however, its contents are deemed accurate. *Id.* Defendant failed to challenge the abstract during the postplea proceedings, and its contents are therefore deemed accurate. As a result, defendant has failed to demonstrate a manifest injustice that would entitle him to withdraw his guilty plea.

¶ 32                                    III. CONCLUSION

¶ 33            For the foregoing reasons, we affirm the trial court's judgment.

¶ 34            Affirmed.