NOTICE

Decision filed 12/06/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220518-U

NO. 5-22-0518

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Macon County. |
| | ) | |
| v. | ) | No. 20-CF-721 |
| | ) | |
| QUINTEN O. SIBLEY, | ) | Honorable |
| | ) | Jeffrey S. Geisler, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BARBERIS delivered the judgment of the court.
Justices Moore and McHaney concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirm the circuit court's denial of defendant's motion to withdraw guilty plea where postplea counsel complied with Illinois Supreme Court Rule 604(d) by properly presenting defendant's contentions in an amended motion and developing the contentions at a full and fair hearing.

¶ 2    Defendant, Quinten O. Sibley, appeals from the denial of his motion to withdraw guilty plea to one count of armed violence and one count of armed habitual criminal. On appeal, defendant contends that postplea counsel failed to strictly comply with the requirements of Illinois Supreme Court Rule 604(d) (eff. July 1, 2017), where counsel failed to file a separate motion to reconsider sentence and instead incorporated the argument into the motion to withdraw the guilty plea. For the following reasons, we affirm.

1

¶ 3                                    I. Background

¶ 4      On June 12, 2020, the State charged defendant, by information, with seven counts, including armed violence (counts I and II) (720 ILCS 5/33A-2(a) (West 2020)), a Class X felony (*id* § 33A-3(a)), armed habitual criminal (count III) (*id.* § 24-1.7(a)),[1] unlawful possession of weapons by a felon (count IV) (*id.* § 24-1.1(a)), aggravated unlawful use of a weapon with a prior felony conviction (count V) (*id.* § 24-1.6(a)(1), (a)(3)(A-5)), and aggravated fleeing or attempting to allude an officer (counts VI and VII) (625 ILCS 5/11-204.1(a)(1) (West 2020)).

¶ 5      Defendant hired Attorney William Vig to represent him. On March 3, 2021, the circuit court conducted an Illinois Supreme Court Rule 402 (eff. July 1, 2012) conference, per defense counsel's request and defendant's post-admonishment consent.[2]

¶ 6      On April 22, 2021, Attorney Vig informed the circuit court that defendant intended to retain different counsel. On July 13, 2021, Attorney Christopher Amero entered his appearance for defendant. The parties continued the case to allow Attorney Amero to review discovery, and the court set defendant's jury trial for September 13, 2021.

¶ 7      On September 10, 2021, the circuit court held a status hearing, where Attorney Amero informed the court that he reviewed discovery with defendant and that "[defendant] will not and cannot have a trial in this matter. We're prepared to waive at this point." The court admonished defendant and defendant executed a written jury waiver, which the court accepted.[3] In response, the State requested the court to schedule defendant's case for a bench trial, arguing that "at this

---

[1]On October 5, 2021, the State amended counts I and III to note that defendant possessed a Category I weapon instead of a Category II weapon. This raised the minimum possible sentence to 15 years. 720 ILCS 5/33A-3(a) (West 2020).

[2]The record on appeal contains no transcript or docket entry pertaining to the Rule 402 conference.

[3]On appeal, defendant contends that the record does not contain a signed jury waiver. However, defendant signed the line pertaining to count I of the information stating: "I hereby waive the right to trial by jury in this cause."

2

point there is no offer. The offer has been revoked." In response, Attorney Amero indicated that a bench trial would be "a waste of everyone's time" and that "[i]t's not going to be a bench trial."

¶ 8       On October 5, 2021, the circuit court held a hearing, where Attorney Amero argued that the State had overwhelming evidence against defendant. The circuit court pressed Attorney Amero whether the matter would proceed to bench trial or if defendant would enter a plea. Attorney Amero indicated that defendant wanted to address the court regarding "his representation that he's had in this matter," but the court noted that defendant failed to set forth an argument for consideration. Attorney Amero proffered that Attorney Vig, at some point, informed defendant of a 15-year offer from the State. Defendant rejected the offer because he had not yet gone through discovery with Attorney Vig. Once Attorney Amero informed defendant of the evidence against him, including DNA lab results, defendant requested the 15-year offer. However, the State informed defendant that the State revoked the offer. Defendant confirmed Attorney Amero's representations when he addressed the court.

¶ 9       The State indicated that no pending offer existed, aside from a potential open plea to armed violence (count I) and armed habitual criminal (count III). Attorney Amero informed the court that he discussed with defendant the State's incriminating evidence against him and conveyed the State's current offer of an open plea to counts I and III. Ultimately, the court informed defendant that a 15-year plea deal no longer existed. As such, defendant could either have a bench trial or accept the State's open plea. Defendant informed the court of his desire to accept the State's open plea.

¶ 10      The circuit court then admonished defendant of his rights pertaining to the guilty plea, read the information on the counts, stated the potential sentences, and asked the State for a factual basis for the plea. The State then read the following factual basis for the plea:

3

"[T]he evidence would show that on June 10th of 2020, Officers Ganley and Morey were on patrol in Decatur *** near the west side. At that time they noticed the Nissan Sentra. And based upon prior contact with that vehicle, they were aware that it was in violation of the window tint. Officers attempted to conduct a traffic stop on that vehicle for that violation on Witt Street when Officer Ganley activated his emergency lights *** and siren in order to signal to the defendant the fact that he was being pulled over by the police.

This defendant fled from them. And during the course of the pursuit, as it proceeded through the near east side of town, that being on Witt Street, Main Street, and Jasper Streets, the defendant drove at a rate of speed that was in excess of 20 miles an hour over the speed limit.

As the vehicle proceeded northbound on Jasper Street, it was involved in a single car accident; at which time the defendant attempted to flee the vehicle on foot. He was taken into custody shortly thereafter by Officers Morey and Ganley. Once he was detained and in custody, Officer Morey went back to conduct a search of the interior of that vehicle, and located on the dashboard was the handgun that was recovered in this case. When—in addition to that, the handgun was sent to the Illinois State Police Crime Lab where it was tested specifically for the presence of being able to identify a DNA profile. When they swabbed the pistol itself, the forensic scientist, Ms. Rhonda Carter, was able to develop a DNA profile with a statistical probability of 1 in 980 quadrillion that it was this defendant."

¶ 11    Defense counsel stipulated to the factual basis and the circuit court accepted the open plea of guilty to counts I and III. In exchange, the State dismissed counts II, IV, V, VI, and VII against defendant.

¶ 12    On October 24, 2021, defendant filed a handwritten *pro se* motion to withdraw guilty plea alleging ineffective assistance of counsel. In support, defendant alleged that Attorney Amero never discussed any evidence with defendant, told defendant not to accept a plea deal, told defendant to waive jury trial, never filed postsentencing motions or appeals, never contacted witnesses, and never explained possible sentences.

¶ 13    On November 24, 2021, the circuit court held defendant's sentencing hearing. From the outset, the court struck defendant's *pro se* motion as premature but allowed defendant to file his motion following sentencing. The court sentenced defendant to 18 years on count I and 12 years on count III, to be served concurrently. The court informed defendant that it would reinstate

4

defendant's motion to withdraw guilty plea if defendant desired. Defendant acknowledged his desire to refile. Although Attorney Amero stated that he would file a new motion, he never did so.

¶ 14    On December 20, 2021, defendant filed a handwritten *pro se* postconviction petition, alleging ineffective assistance of counsel. Specifically, defendant argued that Attorney Amero rendered ineffective assistance by failing to discuss evidence, instructing defendant not to accept an offer, advising defendant to waive his right to trial by jury, failing to file a motion to withdraw the plea or to appeal, failing to contact witnesses, and failing to explain the punishment or potential sentences. The court appointed postplea counsel.

¶ 15    The State and postplea counsel agreed to treat defendant's postconviction petition as a motion to withdraw the guilty plea.[4] At a February 25, 2022, hearing, postplea counsel requested additional time to order transcripts and review them. On March 25, 2022, postplea counsel filed an amended motion to withdraw guilty plea and a Rule 604(d) certificate. In the motion, postplea counsel argued that defendant did not knowingly, voluntarily, and intelligently enter into the open plea, where he rejected the 15-year offer on Attorney Amero's advice without first viewing discovery, felt coerced into waiving his right to a jury trial and entering the guilty plea, and was denied due process. Defendant alternatively asked the court to impose a 15-year sentence "consistent with the Court's statements during the 402 conference held in March 2021."

¶ 16    On August 1, 2022, postplea counsel filed an amended Rule 604(d) certificate to reflect her review of the September 10, 2021, jury waiver hearing transcript. The certificate stated:

> "1. I have consulted with the Defendant in person, by mail, by phone or by electronic means to ascertain the defendant's contentions of error in the entry of the plea of guilty and in the sentence;

---

[4]The State and postplea counsel agreed to recharacterize the postconviction petition as a motion to withdraw guilty plea because defendant timely filed the motion within 30 days. In addition, the motion was more directed at the guilty plea itself and would provide defendant the opportunity to file for a direct appeal instead of first going through the postconviction process. Furthermore, in the event defendant filed a second postconviction petition, the petition would be successive and not need to pass the cause-and-prejudice test.

2. I have examined the trial court file and report of proceedings of the plea of guilty, sentencing, and jury waiver; and

3. I have made any amendments to the motion necessary for the adequate presentation of any defects in these proceedings."

¶ 17 On August 1, 2022, the circuit court held a hearing on defendant's motion to withdraw guilty plea. Defendant testified to the following. According to defendant, Attorney Vig informed defendant about the 15-year offer but told him to negotiate. Attorney Vig did not go over discovery or evidence with him. Attorney Vig did discuss the 402 conference with defendant relaying some discussions between him, the court, and the State over potential plea sentences. When Attorney Amero substituted as defense counsel to represent defendant, defendant informed him of the 15-year offer and that he wanted to take it. Attorney Amero advised him to wait until they could review discovery. Defendant testified that he waived his right to jury trial because Attorney Amero said he would "for sure" get a 15-year sentence, or Attorney Amero would negotiate with the State for a 9-year sentence. Later, Attorney Amero informed defendant about possible incriminating DNA evidence. Defendant further testified that Attorney Vig did not tell him that the State's offer was revoked after defendant received new charges.

¶ 18 Postplea counsel argued that defendant's due process rights were violated, where defendant, never having reviewed discovery with Attorney Amero, did not knowingly or voluntarily enter into an open deal with the State. Postplea counsel argued that the due process issues could also, "[i]n the alternative, *** allow him to take the plea agreement that would have been on the table to begin with, the 15 years." Although the circuit court mentioned that a Rule 402 conference took place, postplea counsel agreed that the court is not bound by what it says in 402 conferences and instead emphasized that her "focus has been trying to deal with the 15-year offer."

6

¶ 19 The State contended this was a case where "hindsight is 20/20 and sometimes gambles don't pay off." The State found defendant's contentions that his attorneys never went through discovery with him "completely incredible." The State iterated that revocations of the offer were noted on the record multiple times.

¶ 20 Following argument by the parties on the motion to withdraw guilty plea, the circuit court said it had reviewed all the transcripts and did "remember this case very well." The court recalled the 402 conference discussions about possible plea sentences, but that defendant got into further trouble after the conference. The court also found defendant's contention that his attorneys never went through discovery with him incredible. The court concluded that defendant was properly admonished of his rights pertaining to the 402 conference, jury waiver, and guilty plea. The court agreed with the State that the 15-year offer was "clearly revoked" and there existed "some buyer's remorse in this situation." In the end, the court found defendant's testimony incredible, the court properly admonished defendant, and the State clearly revoked the 15-year plea offer. The court denied defendant's motion to withdraw the guilty plea and this appeal followed. Additional facts will be provided as necessary throughout the remainder of this order.

¶ 21                                    II. Analysis

¶ 22 In this appeal, defendant argues that his postplea counsel violated Rule 604(d) by failing to file a separate motion to reconsider sentence or set forth any basis or grounds for sentencing relief. Defendant specifically contends that postplea counsel failed to properly develop defendant's contentions of error concerning his sentence at the hearing on his motion to withdraw plea. The State devotes significant argument to the effectiveness of defense counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). However, defendant does not contend on appeal that counsel was ineffective. See *People v. Tejada-Soto*, 2012 IL App (2d) 110188, ¶ 16 (not every challenge

7

to the sufficiency of proceedings for compliance with Rule 604(d) necessitates the application of *Strickland*). We find that postplea counsel strictly complied with Rule 604(d), where counsel filed a facially valid certificate and adequately developed defendant's contentions both in the motion and at the hearing. Postplea counsel's strict compliance with Rule 604(d) afforded defendant a full and fair hearing, where the circuit court properly ascertained, considered, and ruled on defendant's contentions of error. Accordingly, we affirm.

¶ 23 Rule 604(d) sets forth the procedure followed when a defendant wishes to appeal from a judgment entered upon a guilty plea. *People v. Curtis*, 2021 IL App (4th) 190658, ¶ 29. The purpose of Rule 604(d) is to ensure that before a defendant appeals a guilty plea, the trial court is " 'given the opportunity to hear the allegations of improprieties that took place outside the official proceedings and *dehors* the record, but nevertheless were unwittingly given sanction in the courtroom.' " *In re H.L.*, 2015 IL 118529, ¶ 9 (quoting *People v. Wilk*, 124 Ill. 2d 93, 104 (1988)). Whether counsel complied with the requirements of Rule 604(d) is a legal question that is reviewed *de novo*. *People v. Gorss*, 2022 IL 126464.

¶ 24 Rule 604(d) provides:

> "(d) Appeal by Defendant From a Judgment Entered Upon a Plea of Guilty. No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court *** a motion to withdraw the plea of guilty and vacate the judgment.
> ***
> The motion shall be in writing and shall state the grounds therefor. When the motion is based on facts that do not appear of record it shall be supported by affidavit ***. ***
> *** The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

8

Counsel's certificate must strictly comply with Rule 604(d). *Curtis*, 2021 IL App (4th) 190658, ¶ 30. If the certificate does not strictly comply with the rule, the reviewing court must remand the case to provide the opportunity to file a new motion and for a new motion hearing. *People v. Lindsay*, 239 Ill. 2d 522, 531 (2011). Strict compliance means:

> "[T]he certificate must be filed in the trial court, rather than on appeal ***. The filing should precede or be simultaneous with the hearing in the trial court. Such a procedure will insure that the trial court, in considering a defendant's motion to withdraw his or her guilty plea or to reduce sentence, will be apprised that defense counsel has reviewed the proceedings with the defendant and prepared any necessary amendments to the motion." *People v. Shirley*, 181 Ill. 2d 359, 371 (1998).

¶ 25    If counsel filed a facially valid certificate, the reviewing court may consult the record to determine whether counsel fulfilled her obligations under the rule. *People v. Bridges*, 2017 IL App (2d) 150718, ¶ 8. When examining whether the record refutes counsel's certificate, reviewing courts are concerned that defendant received a full and fair hearing to present his claims of error to the trial court. *Tejada-Soto*, 2012 IL App (2d) 110188, ¶ 14 (A defendant is "entitled to a hearing that is *meaningful*, but only in the very limited sense that it is not a mere charade ***." (Emphasis in original.)).

¶ 26    Here, postplea counsel strictly complied with Rule 604(d). First, postplea counsel's amended motion to withdraw guilty plea asserted defendant's contention of error concerning his sentence. Specifically, the amended motion asserts the circuit court "should have essentially imposed the plea agreement at the sentencing hearing by imposing a sentence of 15 years for Armed violence, and 9 years for Armed Habitual Criminal." Second, postplea counsel adequately developed defendant's contention of error concerning his sentence at the hearing on the amended motion. The following conversation took place between postplea counsel and defendant:

> "Q. [POSTPLEA COUNSEL:] *** [W]ere you ever aware of an offer for 15 years in the Department of Corrections?
> A. [DEFENDANT:] Yes.

9

* * *

Q. Did you ever speak with Mr. Amero about the 15-year offer?
A. Yes.

* * *

Q. Was there any point in time where you *** wanted to take the 15-year offer?
A. Yes, ma'am. On July 21st at 3:00 o'clock I told him on the phone. *** I told him I [will] take the 15, and he told me, I'm not letting you take 15.

* * *

Q. *** So at the time you waived your right to jury trial, you thought there was going to be either a 15-year offer ***?
A. Yes, ma'am.

* * *

Q. From August through October 2021, did you stand ready to take a 15-year offer?
A. Yes, ma'am.

* * *

Q. And on the day you entered your plea, were you informed that the 15-year offer had been revoked at that point?
A. Yes, ma'am."

The State also discussed the 15-year offer on cross-examination and re-cross.

"Q. [THE STATE:] *** [D]o you recall having a conversation with Mr. Vig wherein he advised you that the assistant state's attorney *** had made an offer of 15 years to the armed violence count?
A. [DEFENDANT:] Yes.
Q. [on re-cross] So you weren't aware that [Attorney Vig] had been advised on June 28th that based upon your new arrest, all offers had been revoked?
A. No ***."

Postplea counsel argued before the circuit court and said her "focus has been trying to deal with the 15-year offer" and requested the court impose a 15-year sentence in line with the State's revoked offer: "In the alternative, and perhaps even going back to re-sentencing, allow him to take the plea agreement that would have been on the table to begin with, the 15 years." We find *People v. Brown* is instructive on the issue of postplea counsel developing defendant's contention on appeal. 2023 IL App (4th) 220573. In that case, the defendant argued that his postplea counsel did not develop the defendant's ineffective-assistance claim. *Id.* ¶ 32. The defendant filed a "bare-bones" motion to withdraw guilty plea that postplea counsel adopted without amending. *Id.* ¶ 35. The defendant and plea counsel testified at "full and fair" evidentiary hearings on the motion. *Id.*

10

¶ 33. The circuit court, after considering the record and the defendant's testimony, denied the defendant's motion to withdraw the plea. *Id.* ¶ 22. Specifically, the court determined that postplea counsel "presented support at the evidentiary hearing for a claim that had been alleged in broad strokes in defendant's postplea motion," although the court acknowledged that the claim may have been deficiently pleaded. *Id.* ¶¶ 39-40. The court recounted extensive case law wherein a remand was denied because the defendant was afforded due process because " 'either the facts supporting defendant's claims are of record or because he was afforded the opportunity in a full meaningful evidentiary hearing to present evidence supporting his claims.' " *Id.* ¶ 48 (quoting *People v. Jones*, 2021 IL App (4th) 180497-U, ¶ 22). In fact, the court determined that remanding for technical pleading errors following such a hearing " 'would be an empty and wasteful formality.' " *Id.* ¶ 45 (quoting *People v. Kocher*, 2021 IL App (4th) 200610-U, ¶ 32). The court concluded "it would be an exercise in futility and a waste of judicial resources to remand for an attorney to replead a claim that has already been adjudicated meritless." *Id.* ¶ 50.

¶ 27    Here, it would be similarly futile to remand on a claim already deemed meritless. First, unlike *Brown* where the court posited the possibility of deficient pleading, here, postplea counsel filed an amended motion to withdraw guilty plea, instead of merely adopting defendant's *pro se* motion, wherein postplea counsel specifically requested a reduction in defendant's sentence. Additionally, postplea counsel continued the matter to order missing transcripts to "fully prepare[ ] and *** go through [the record] with [defendant]." She then filed an amended 604(d) certificate to include her review of the jury trial waiver and associated proceedings. Second, similar to *Brown*, defendant was afforded a full and fair hearing, wherein counsel extensively questioned defendant concerning the 15-year offer. In fact, postplea counsel emphasized at the hearing on defendant's motion to withdraw guilty plea that her "focus has been trying to deal with the 15-year offer."

11

Therefore, defendant suffered no prejudice when postplea counsel incorporated defendant's contention concerning the 15-year offer into the amended motion instead of filing a separate motion because postplea counsel sufficiently presented the contention in the amended motion and developed the contention at the motion hearing.

¶ 28 Finally, the circuit court considered postplea counsel's arguments to impose the State's original 15-year offer. In ruling against defendant, the court found defendant's testimony incredible, where he testified that both Attorney Vig and Attorney Amero never went through discovery with him. The court specifically stated that it knew both attorneys well and found it unbelievable that either of them would fail to go through discovery with defendant. Instead, the court found that defendant's case demonstrated one of "buyer's remorse," wherein a plea offer once existed that had now been revoked. The circuit court would not impose a 15-year sentence based upon an offer that no longer existed.

¶ 29 Based on the foregoing, we cannot conclude that the circuit court erred by denying defendant's motion to withdraw the guilty plea, where the record demonstrates that postplea counsel strictly complied with Rule 604(d). We decline to remand the case to correct a technical pleading formality because the defendant was already afforded due process in his postplea hearing.

¶ 30                                III. Conclusion

¶ 31 For the foregoing reasons, we affirm the judgment of the Macon County circuit court.


¶ 32 Affirmed.