2024 IL App (1st) 221461-U

No. 1-22-1461

Order filed February 9, 2024

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 18 CR 12960 |
| | ) | |
| JOHN GATELY, | ) | Honorable |
| | ) | Anjana M.J. Hansen, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE NAVARRO delivered the judgment of the court.
Justices Mikva and Lyle concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We vacate and remand for new postplea proceedings where postplea counsel failed to strictly comply with Supreme Court Rule 604(d) (eff. July 1, 2017).

¶ 2    On August 19, 2022, defendant John Gately pled guilty to first degree murder (720 ILCS 5/9-1(a)(1) (West Supp. 2017)) in exchange for a sentence of 23 years' imprisonment and the *nolle prosequi* of other charges. Through counsel, defendant filed a motion to vacate his guilty plea pursuant to Supreme Court Rule 604(d) (eff. July 1, 2017) and the court denied the motion.

On appeal, defendant argues his counsel failed to strictly comply with Rule 604(d) by not supporting the motion with an affidavit. For the following reasons, we agree. We therefore vacate the court's order denying defendant's motion to vacate his plea and remand for new postplea proceedings.

¶ 3    The State charged defendant in an 80-count indictment with first degree murder, attempted murder, home invasion, residential burglary, aggravated discharge of a firearm, and aggravated unlawful restraint.

¶ 4    On August 18, 2022, the State advised the court that it had tendered a plea offer to defendant for 20 years' imprisonment for murder and 6 years' consecutive imprisonment for attempted murder. Defense counsel noted defendant was considering the offer. Counsel further requested the court sign an order allowing defendant to see a dentist for "an issue he's having with a tooth." The court agreed and continued the case to the next day.

¶ 5    During proceedings on August 19, 2022, counsel indicated that defendant wished to accept a plea offer from the State. The State explained the offer was for 23 years' imprisonment for murder, with the *nolle prosequi* of all other counts.

¶ 6    As to the sentencing range, the State explained that murder had a range of 20 to 60 years' imprisonment, plus a potential firearm enhancement of 25 years to life. The plea offer was for murder without a firearm enhancement in exchange for 23 years' imprisonment. The court indicated that defendant would also have to serve three years' mandatory supervised release (MSR). Defendant asked, "3 plus another 3?" The court asked the State to repeat the sentencing range, and defendant asked, "What is the three years?" Defense counsel responded that it was MSR, or what had previously been known as parole. Defendant said, "Okay. That is all I didn't

understand." The State repeated that murder carried a sentencing range of 20 to 60 years' imprisonment plus 25 years to life for a firearm enhancement and the offer was for 23 years' imprisonment.

¶ 7      Defendant confirmed that he understood the possible sentencing range and wished to plead guilty. He also confirmed that he understood he had the right to plead not guilty and have a trial before a judge or jury, what a jury trial was, and that he was giving up his right to a jury trial. He agreed that he had signed a written jury waiver and had discussed it with counsel. He confirmed he understood he was giving up his right to a trial, to see and hear witnesses against him, ask them questions, present his own witnesses, remain silent, and hold the State to its burden of proving his guilt beyond a reasonable doubt. He denied that anyone had threatened him or promised him anything to plead guilty or that he was under the influence of alcohol or drugs. He confirmed he was pleading guilty of his own free will.

¶ 8      As a factual basis, the State provided its evidence would show that on August 13, 2018, defendant drove to the home of his sister and brother-in-law, Joan and Stephen Shapiro.[1] He rang the doorbell and Stephen answered. Defendant asked for Joan and Stephen said she was unavailable. Defendant shot Stephen in the arm and chest, killing him. He entered the home and threatened to kill Joan, who hid behind furniture. She escaped from the home when defendant's firearm apparently jammed. Defendant returned to his home and told a neighbor he had shot someone. Police officers found ammunition in defendant's home that matched the firearm evidence recovered from Joan and Stephen's home.

---

[1] The name of defendant's brother-in-law appears in the record as both Stephen and Steven Shapiro.

¶ 9    Counsel stipulated that would be the testimony at trial and defendant stated, "I don't agree with that." After an off-the-record discussion, defendant stated he agreed that is what the witnesses would say at trial. The court accepted defendant's plea, finding that he understood the nature of the charge against him and the possible penalties, and that his plea was free and voluntary. The court asked if there was anything defendant wished to say before being sentenced, and defendant thanked the court for its "diligence" and said he was "sorry" the court would not be "judging the trial" as "it would have been interesting." The court sentenced defendant to 23 years' imprisonment.

¶ 10    On September 12, 2022, defendant, through counsel, filed a motion to vacate his guilty plea as "[his] judgment was impaired due to an apparent migraine." On September 27, 2022, counsel filed a certificate, pursuant to Rule 604(d) (eff. July 1, 2017), providing that she consulted with defendant by phone to ascertain his contentions of error in the entry of his plea and the sentence, examined the trial court file and report of proceedings of the plea and sentencing hearing, and made any amendments to the motion necessary to adequately present any defects in the proceedings.

¶ 11    At a hearing on September 27, 2022, the State noted that defendant's motion lacked an affidavit supporting the allegation that defendant had a migraine that impaired his judgment, a fact that was outside the record. The State argued the absence of an affidavit violated Rule 604(d) (eff. July 1, 2017). Counsel responded:

"I can't sign an affidavit attesting to the fact that he had migraine [*sic*] during the plea proceedings because was [*sic*] not known to me at this time.

I only learned of that allegation when Mr. Gately sent me a letter and called me, letter dated September 5th on a phone conversation with few days after that, [*sic*] and based on his desire to file this motion. I said in order to preserve his issue, I would file it for him."

¶ 12 The court granted defendant permission to speak and he stated that he believed the record would reflect that, when the parties discussed his guilty plea, counsel had asked the court to order the jail to provide him with something to alleviate a migraine. Counsel said she thought defendant was referring to the order the court signed for him to see a dentist, and defendant stated, "That is incorrect." Counsel stated she had no other orders besides the one for a dentist.

¶ 13 The court confirmed with counsel that the basis of defendant's motion was that he was impaired by a migraine when he pled guilty. The court asked if there were any other arguments on defendant's behalf, and counsel said no. The State argued it was defendant's burden to show a manifest injustice to withdraw his plea but the only information supporting his request to do so was the allegation that he was impaired from a migraine, which was not supported by affidavit. The State contended that nothing in defendant's demeanor, comportment, or appearance on August 19, 2022, indicated he was suffering from a migraine, and plea negotiations had occurred before that date. The court asked counsel if she wished to argue in rebuttal and counsel stated the record of the plea hearing was clear and she would rely on it.

¶ 14 Defendant asked to speak and the court gave permission. He asked if the State would have withdrawn the plea offer had he not accepted it on the day he pled guilty. The court stated it was inappropriate for defendant to ask questions but he could add to the argument in his motion. Defendant stated he believed the State would have withdrawn the plea offer had he not accepted it at that hearing, meaning there had been pressure for him to accept it. Defendant explained that he

had a headache and migraine problem that had been "compounded due to oral surgery." The doctor at the jail would not give him anything for it as he "was already taking Tylenol for the tooth infection." When he returned to jail on August 18, 2022, the doctor refused to see him. Thus, on August 19, 2022, he "was extremely bothered by this headache."

¶ 15    Defendant continued that "years ago, [he] would go to Diamond Headache Clinic on Western and Devon," for "clustered migraine[s]" that were so bad he was given a 24-hour number to call. The court indicated that his history of migraine problems was "somewhat relevant but not particularly relevant" to whether he was impaired when he entered his plea. Defendant stated he had been trying to see someone for migraine treatment but was told that he did not look like he was in pain. On August 19, 2022, he was in pain and "truly wanted to get this over with and get everything done." When the pain subsided he realized he had made a mistake.

¶ 16    The court stated that it recalled counsel explaining that defendant had a tooth issue and asking for an order for him to see a dentist. No one ever indicated that defendant was in discomfort from a migraine. The case had been continued from August 18, 2022, to August 19, 2022, for defendant to consider the State's plea offer. Defendant had not indicated on August 19, 2022, that he did not feel well or was suffering from a migraine. Defendant had indicated he understood the nature of the charge, the sentencing range, and the offer.

¶ 17    The court found that defendant did not meet his burden to withdraw his plea and denied the motion. The court stated:

> "In addition, with regards to not having supporting affidavit [*sic*] to support his motion to vacate his plea of guilty with regards to having a migraine that day.

I already made my record with regards to the facts that occurred on that day. There is no affidavit attached to the motion."

¶ 18     Defendant now appeals, arguing that we must remand for new postplea proceedings as counsel failed to strictly comply with Rule 604(d) by not attaching to the motion to vacate his plea an affidavit supporting his allegation that his judgment had been impaired by a migraine.

¶ 19     Rule 604(d) provides that before a defendant can appeal from a judgment entered upon a guilty plea he must, within 30 days of being sentenced, move to withdraw the plea or reconsider the sentence. Ill. S. Ct. R. 604(d) (eff. July 1, 2017). The rule is intended to eliminate unnecessary appeals by allowing the trial court to hear and decide claims of impropriety in the entry of the plea, including those that occurred outside the record. *People v. Gorss*, 2022 IL 126464, ¶ 15; *People v. Merriweather*, 2013 IL App (1st) 113789, ¶ 14. The rule stipulates that, "[w]hen the motion is based on facts that do not appear of record it shall be supported by affidavit." Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

¶ 20     Rule 604(d) also requires a defendant's counsel to file a certificate stating that counsel has (1) consulted with the defendant to ascertain his contentions of error in the sentence and entry of the guilty plea, (2) examined the trial court file and report of proceedings of the guilty plea and sentencing hearing, and (3) made any amendments to the motion necessary to adequately present any defects in the proceedings. *Id.* Counsel's duty to amend the motion includes the duty to attach an affidavit substantiating any allegations that do not appear of record. *People v. Bridges*, 2017 IL App (2d) 150718, ¶ 9.

¶ 21     Counsel must strictly comply with Rule 604(d). *Gorss*, 2022 IL 126464, ¶ 19. Failure to do so requires remand for the filing of a new motion and a new hearing. *Id.* Even where counsel

files a facially valid certificate indicating counsel complied with the rule, the record may demonstrate counsel did not actually fulfill her obligations. *Bridges*, 2017 IL App (2d) 150718, ¶ 8. We review whether counsel complied with Rule 604(d) *de novo*. *Gorss*, 2022 IL 126464, ¶ 10.

¶ 22    After reviewing the record, we conclude that counsel failed to strictly comply with Rule 604(d). Defendant filed a motion through counsel to vacate his plea. Counsel filed a facially valid certificate providing that she consulted with defendant to ascertain his contentions, examined the court file and report of proceedings of the guilty plea, and made any amendments to the motion necessary to adequately present any defects in the proceedings. However, the motion claimed that defendant had a migraine when he pled guilty, a fact that did not appear in the record. Thus, Rule 604(d) required the motion to be supported by an affidavit. Ill. S. Ct. R. 604(d) (eff. July 1, 2017). Counsel did not attach an affidavit to the motion. Moreover, at the hearing on the motion, the State noted the absence of an affidavit. Counsel responded that she could not have signed an affidavit attesting that defendant had a migraine during the plea proceedings because she did not know it at the time of the plea. Notwithstanding, counsel also failed to provide an affidavit from defendant or call him to testify at the hearing.

¶ 23    *Bridges* is instructive. There, the defendant's amended motion to withdraw his guilty plea contained allegations that were not supported by the record. *Bridges*, 2017 IL App (2d) 150718, ¶ 9. Counsel filed a certificate of compliance with Rule 604(d) but failed to support the defendant's allegations with any affidavits. *Id.* ¶¶ 8-9. At the hearing on the motion, counsel also failed to present any testimony, evidence, or argument in support of defendant's motion. *Id.* ¶¶ 9-11. The appellate court found that, functionally, counsel therefore "conce[ded] that the motion was without merit," and the hearing "served little purpose other than to clear a procedural hurdle" to an appeal.

*Id.* ¶ 11. Accordingly, the appellate court concluded that the record showed counsel's conduct and the hearing had not satisfied Rule 604(d)'s strict-compliance standard. *Id.* ¶¶ 9-11.

¶ 24     Here, counsel likewise did not provide a supporting affidavit, call defendant to testify, present any other evidence, or make any argument on his behalf. Rather, counsel indicated that she had no record of defendant seeking migraine treatment, only filed the motion to "preserve his issue," and would rely on the record of the plea hearing, which included no discussion of defendant's migraine. Thus, as in *Bridges*, counsel essentially conceded that defendant's claim lacked merit and she was merely preserving it for a potential appeal.

¶ 25     The State argues that *Bridges* is distinguishable as the court there had only its own recollection of the proceedings on which to base its decision on the defendant's postplea motion (see *id.* ¶ 9), whereas defendant here provided details about his migraine. The State therefore contends that the absence of a supporting affidavit was a technical, nonsubstantive error that does not require remand. In support, the State cites cases where counsel failed to file supporting affidavits but remand was still deemed unnecessary as the defendants received full and fair hearings to present evidence. See *People v. Brown*, 2023 IL App (4th) 220573, ¶ 50 ("Where postplea counsel files a facially compliant Rule 604(d) certificate and the trial court determines after a full and fair hearing that the defendant's claims are meritless, defects in the pleadings do not justify a remand for further proceedings."); *People v. Kocher*, 2021 IL App (4th) 200610-U, ¶¶ 31-32 (same); *People v. Jones*, 2021 IL App (4th) 180497-U, ¶¶ 21-25 (same); see also *People v. Jackson*, 2022 IL App (5th) 200042-U, ¶ 37 (remand unnecessary despite alleged inadequacy in

motion where counsel developed claims at hearing and argued as to why defendant had a potential defense).[2]

¶ 26    However, the State's cases are distinguishable, where in each one the defendants' counsels presented evidence, including calling the defendants to testify as to the allegations underlying their claims. *Brown*, 2023 IL App (4th) 220573, ¶¶ 16-21; *Jackson*, 2022 IL App (5th) 200042-U, ¶¶ 20-24; *Kocher*, 2021 IL App (4th) 200610-U, ¶ 14; *Jones*, 2021 IL App (4th) 180497-U, ¶¶ 9-10. Again, counsel here did not call defendant to testify, present other evidence, or make any argument in support of the motion to vacate.

¶ 27    The State is correct that the court here allowed defendant leeway to make his own argument. However, we find it significant that defendant's explanation about his migraine was made as argument rather than sworn testimony and, in denying defendant's motion, the court twice noted that his motion lacked a supporting affidavit, wherein defendant could have sworn to the truth of his allegation. Additionally, defendant stated counsel was incorrect that his claim referred to his request to see a dentist, a difference that he and counsel could have clarified while preparing an affidavit or during a prepared examination of him as a witness. Given the court's statements and counsel and defendant's disagreement about the basis of defendant's claim, we disagree with the State that an affidavit could not have provided the court with any additional details on which to base its decision.

¶ 28    We are likewise unpersuaded by the State's argument that we should not remand because defendant's claim lacked merit and a supporting affidavit therefore would not have changed the

---

[2] Unpublished cases filed under Rule 23(b) after January 1, 2021, may be cited as persuasive authority. Ill. S. Ct. R. 23(e)(1) (eff. Feb. 1, 2023).

court's ruling. The State notes that, as a different plea offer was discussed on August 18, 2022, plea negotiations were ongoing and did not solely occur on August 19, 2022. Moreover, the record contains no indication that defendant was suffering from migraines. On August 19, 2022, he did not indicate he was not feeling well. He also actively engaged in the proceedings, requesting clarifications about the MSR term, initially stating he did not agree with the factual basis, and thanking the court before it imposed sentence. The court noted when denying defendant's motion that he had indicated he understood the charge, the possible sentence, and the offer. Thus, according to the State, an affidavit reiterating defendant's contention that he had a migraine on August 19, 2022, would not have persuaded the court to grant the motion.

¶ 29    However, the question here is not whether the court correctly found defendant's motion without merit but whether counsel strictly complied with Rule 604(d). As noted, the State argued at the hearing that defendant's allegation was not supported by an affidavit and the court twice stated when denying the motion that it lacked a supporting affidavit. On this record, we cannot say that the court's judgment would necessarily have been the same had counsel supported defendant's claim with an affidavit, as Rule 604(d) required. Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

¶ 30    Accordingly, we conclude that counsel failed to strictly comply with Rule 604(d). We therefore vacate the court's judgment denying defendant's motion to vacate his guilty plea and remand for new postplea proceedings. See *Gorss*, 2022 IL 126464, ¶ 19 (remedy for non-strict compliance with Rule 604(d) is remand for the filing of new postplea motion and new hearing).

¶ 31    For the foregoing reasons, we vacate the judgment of the circuit court of Cook County.

¶ 32    Vacated and remanded.