2024 IL App (1st) 220158-U
No. 1-22-0158
Order filed September 20, 2024

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 14 CR 994 (02) |
| | ) | |
| | ) | Honorable |
| GAGE THORNTON, | ) | Paula Daleo and |
| | ) | Gregory P. Vazquez |
| Defendant-Appellant. | ) | Judges, presiding. |

JUSTICE HYMAN delivered the judgment of the court.
Justices C.A. Walker and Gamrath concurred in the judgment.

**ORDER**

¶ 1     *Held*:   Circuit court's denial of motion to withdraw guilty plea reversed and case remanded where plea counsel failed to strictly comply with Rule 604(d).

¶ 2     Gage Thornton entered a negotiated guilty plea to one count of first degree murder in exchange for 35 years in prison. Judge Paula Daleo presided over the plea hearing and sentencing. Judge Gregory P. Vazquez presided over proceedings on remand. Through counsel, Thornton filed a motion to withdraw his plea, which the circuit court denied. On appeal, this court

allowed an agreed motion to remand the case to the circuit court for counsel to file a certificate under Illinois Supreme Court Rule 604(d) (eff. July 1, 2017) and further post-plea proceedings. *People v. Thornton*, No. 1-18-0399 (Jan. 21, 2020) (dispositional order). The same attorney who represented Thornton at the plea hearing then filed another motion to withdraw his guilty plea and a Rule 604(d) certificate. The circuit court denied the motion.

¶ 3     On appeal, Thornton argues that (i) because he has an intellectual disability, the circuit court failed to adequately admonish him under Illinois Supreme Court Rule 402 (eff. July 1, 2012) when he entered his guilty plea and (ii) on remand, counsel failed to strictly comply with Rule 604(d) by failing to amend his motion to withdraw the guilty plea. Thornton alternatively argues that his counsel's ineffective assistance for failing to inform the circuit court during the plea hearing that Thornton has an intellectual disability. We reverse and remand for the appointment of new counsel and further post-plea proceedings.

¶ 4                                     Background

¶ 5     Thornton and Brandon Jackson were charged with multiple offenses, including first degree murder, related to the fatal shooting of a police officer.

¶ 6     On August 19, 2016, the State informed the court that the parties prepared a written plea agreement. Defense counsel stated that she and Thornton "went through the entire plea agreement [that day]," and Thornton signed it. According to counsel, Thornton did not have further questions regarding the plea agreement, and "that [was] his understanding and wish." Thornton confirmed that he understood the plea agreement and sentence.

¶ 7     The written plea agreement detailed the charge of first degree murder and that counsel "fully explained" the charge to Thornton, who understood the "nature, elements, and possible

sentences" and agreed to plead guilty. The agreement stated that the sentencing range was 35 to 75 years in prison, and the State recommended 35 years. Thornton and counsel agreed that there were "no threats, promises, or representations" beyond the plea agreement. Thornton acknowledged that he read and "carefully reviewed" each provision with counsel and understood and voluntarily accepted the terms. Thornton, his counsel, and the State's attorneys signed the agreement.

¶ 8      The court informed Thornton that he was charged with first degree murder. The court asked how Thornton pled to that charge, and Thornton stated, "[g]uilty." Thornton confirmed that (i) he was giving up his rights to a jury and bench trial, (ii) to hear and see witnesses testify against him, (iii) to cross-examine witnesses, (iv) to present evidence, (v) to testify on his own behalf, (vi) to remain silent, and (vii) to require the State to prove him guilty beyond a reasonable doubt. The court informed Thornton that the sentencing range was 35 to 75 years in prison with three years of mandatory supervised release. Thornton confirmed that he understood that he was pleading guilty freely and voluntarily and that no one threatened or promised him anything for pleading guilty. Additionally, Thornton confirmed that he understood the stipulated factual basis for the charges.

¶ 9      The court accepted Thornton's guilty plea, finding that he understood the charge, the possible penalties, and his rights. The court also found Thornton's plea was made "freely and voluntarily," and a factual basis existed for the plea. The court found Thornton guilty of first degree murder. The parties and court agreed that sentencing would occur after Jackson's trial or plea.

¶ 10      At a hearing before sentencing, counsel acknowledged that Thornton sent a letter to the court requesting to withdraw his guilty plea. Thornton's letter stated that it was not his decision to "take that plea bargain," and his family told him to take the plea because "they feared that [he

would] lose trial and get life." According to Thornton's letter, counsel told him that he had "know [*sic*] chance and that [he would] get found guilty if [he] went to trial." Thornton asserted his innocence, stating that he "took 35 years for something [he] didn't do because [he] was scared." He requested a court date to "dismiss that plea bargain."

¶ 11    Counsel informed the court that she reviewed the plea hearing transcript and did not find errors. Instead, Thornton was "correctly" informed of the sentencing range and the consequences of being found guilty. The court then asked Thornton how he wished to proceed. Thornton stated that he wanted to "withdraw [his] plea."

¶ 12    On the same day, counsel filed a motion to withdraw Thornton's guilty plea "for the reasons stated in [Thornton's] letter," including that his family "forced" him to accept the plea. The motion stated that counsel reviewed the transcript of the plea hearing and "was unable to find any additional legal reasons for [Thornton] to withdraw his plea." Counsel attached a certificate under Rule 604(d), stating that counsel consulted with Thornton to "ascertain [his] contentions of error in the entry of the plea of guilty," examined the trial court file and report of proceedings of the guilty plea, and made "any amendments to the motion necessary for the adequate presentation of any defects in those proceedings." Counsel also attached Thornton's letter to the court.

¶ 13    In its response to Thornton's motion to withdraw his guilty plea, the State maintained that there was no misapprehension of law or fact, Thornton did not have a valid defense, and his plea and sentence were just. The State also emphasized that the written plea agreement detailed the charges, sentencing range, and the State's recommended sentence.

¶ 14    After the court denied Thornton's motion to withdraw his guilty plea, the court informed the parties that it received another letter from Thornton, which it copied and gave to counsel.

Thornton's letter again asserted his innocence. According to his letter, counsel convinced Thornton's family to tell him to take the plea, and he feared what could happen if he went to trial. The letter stated that Thornton did not have the opportunity to present motions and wanted to "throw that plea bargain away." He stated that he did not understand the plea and that he had proof of a learning disability. He "didn't really hear when [his] lawyer *** was reading [the plea agreement] to [him]" and "didn't have the chance to read the plea deal [himself]." Also, when he was attempting to withdraw his plea, the court "told [him] that [he] underst[ood] when [he] didn't."

¶ 15    Counsel filed a motion to reconsider the denial of the motion to withdraw the guilty plea "based on *** [Thornton's] letter; and meeting with [him]." Thornton's letter was not attached to the motion to reconsider. The State objected, arguing that the motion was untimely and without merit. The court denied the motion, finding that the plea was "appropriate and well-articulated." At sentencing, defense counsel submitted a psychological evaluation of Thornton conducted by a licensed clinical psychologist. The court sentenced Thornton to 35 years in prison.

¶ 16    Thornton appealed, and this court allowed an agreed motion to remand to the circuit court for the filing of a Rule 604(d) certificate and further post-plea proceedings. *Thornton*, No. 1-18-0399 (Jan. 21, 2020) (dispositional order). As a basis for the motion, Thornton argued, and the State agreed, that counsel's Rule 604(d) certificate was premature and insufficient, as it was filed before his sentencing hearing and did not certify that counsel had reviewed the transcripts of the sentencing hearing.

¶ 17    On remand, the same attorney who represented Thornton at the plea hearing filed a motion requesting the court accept the filing of a Rule 604(d) certificate and rule on Thornton's motion to withdraw his plea. Counsel reiterated Thornton's arguments in his motions that his plea was

involuntary and his family "forced" him to accept the plea. Counsel's Rule 604(d) certificate stated that counsel "consulted with *** [d]efendant in person and by phone to ascertain [his] contentions of error in the entry of the guilty plea and in the sentence," "examined the trial court file and report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing," and "made any amendments to the motion necessary for the adequate presentation of any defects in those proceedings."

¶ 18    The court granted leave to file the Rule 604(d) certificate and denied the motion to withdraw Thornton's plea.

¶ 19                                    Analysis

¶ 20                              Supreme Court Rule 402

¶ 21    Thornton now appeals, first contending that his plea was not knowing and voluntary because, given his intellectual disability, he was improperly admonished as required by Supreme Court Rule 402.

¶ 22    Supreme Court Rule 402 admonishments ensure that the defendant understands the terms of the plea, the rights being waived, and the consequences of pleading guilty. *People v. Lamar*, 2015 IL App (1st) 130542, ¶ 18. Rule 402(a) provides that before accepting a guilty plea, the judge must inform the defendant of and determine if the defendant understands (i) "the nature of the charge," (ii) "the minimum and maximum sentence prescribed by law," (iii) that the defendant "has the right to plead not guilty, or to persist in that plea if it has already been made, or to plead guilty," and (iv) that by pleading guilty or stipulating that the evidence is sufficient to convict, the defendant waives the right to a trial by jury and the right to be confronted with the witnesses against him or her. Ill. S. Ct. R. 402(a) (eff. July 1, 2012). Rule 402(b) provides that before accepting a

guilty plea, the judge must first determine that the plea is voluntary. Ill. S. Ct. R. 402(b) (eff. July 1, 2012). The judge questions the defendant to confirm the plea agreement's terms and whether any force, threats, or promises beyond the plea agreement were used to obtain the plea. *Id.*

¶ 23    Rule 402 requires substantial compliance, which occurs when the record affirmatively and specifically establishes that the defendant understood the components of Rule 402(a). *People v. Dougherty*, 394 Ill. App. 3d 134, 138 (2009). This court considers the entire record in determining whether the defendant voluntarily pled guilty. *Id.* at 139. Failure to properly admonish a defendant does not automatically establish grounds for reversing judgment or vacating a guilty plea. *People v. Fuller*, 205 Ill. 2d 308, 323 (2002). Reversal depends on whether real justice has been denied or the inadequate admonishments have prejudiced the defendant. *People v. Torres*, 228 Ill. 2d 382, 399 (2008). We review compliance with Rule 402 *de novo*. *People v. Lozada*, 323 Ill. App. 3d 1015, 1018 (2001).

¶ 24    The record demonstrates that the circuit court substantially complied with Rule 402. Thornton signed the written plea agreement that detailed its terms, the sentencing guidelines, and the consequences of pleading guilty. Thornton's signature acknowledged that he read and understood the plea agreement's terms. Additionally, Thornton confirmed in open court that he understood the terms of the plea agreement, including that he was being charged with first degree murder, the sentencing range for the offense, and that by pleading guilty, he was waiving his right to a jury and bench trial. Thornton also confirmed that he understood the consequences and wished to plead guilty. Considering the oral admonishments together with the comprehensive written guilty plea, the record affirmatively and specifically demonstrates that Thornton understood the components of Rule 402(a). See *Dougherty*, 394 Ill. App. 3d at 138.

¶ 25    Thornton argues that the court's admonishments were improper due to his intellectual disability, citing *People v. Shanklin*, 351 Ill. App. 3d 303, 307 (2004) (noting, on appeal from summary dismissal of postconviction petition, that when defendant may have intellectual disability, court and counsel for both parties "may not simply rely on affirmative answers to rote questions to conclude the defendant understands the proceedings and the consequences of his plea"). Counsel did not present any evidence regarding Thornton's intellectual disability in the written plea or during the plea hearing. The court admonished Thornton that, based on the information presented, Thornton's intellectual disability was not at issue. And, nothing in the report of proceedings suggests that Thornton lacked understanding of the proceedings or the court's questions. Thus, the court substantially complied with Rule 402, and the admonishments were proper.

¶ 26                              Supreme Court Rule 604(d)

¶ 27    Next, Thornton contends that his counsel's Rule 604(d) certification on remand did not strictly comply with the rule by failing to amend Thornton's motion to withdraw his guilty plea.

¶ 28    Rule 604(d) governs the procedure for when a defendant wants to appeal from a judgment entered on a guilty plea. Ill. S. Ct. R. 604(d) (eff. July 1, 2017). As a prerequisite to appeal, within 30 days of sentencing, the defendant must file a motion to withdraw the guilty plea and vacate the judgment, supported by affidavit when it is based on facts that are not in the record. *Id.*

¶ 29    Additionally, Rule 604(d) requires that plea counsel file with the circuit court a certificate stating that counsel "consulted with the defendant *** to ascertain defendant's contentions of error in *** the entry of the plea of guilty," "examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing," and

"made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." *Id.* Rule 604(d) requires strict compliance. *People v. Taylor*, 2023 IL App (1st) 171631, ¶ 12. Failure to strictly comply results in remand. *Id.* We review compliance with Rule 604(d) *de novo. People v. Gorss*, 2022 IL 126464, ¶ 10.

¶ 30    Here, counsel certified on remand that she consulted with Thornton to ascertain his contentions of error in the entry of the plea of guilty, examined the trial court file and reports of proceedings from the plea and sentencing hearings, and made "any amendments to the motion necessary for the adequate presentation of any defects in those proceedings." Counsel's certificate facially complied with the requirements. But, Thornton contends counsel's certificate failed to strictly comply with the requirements of Rule 604(d) because counsel failed to support the motion with affidavits, argue its merit, and amend to allege that Thornton has an intellectual disability.

¶ 31    Where counsel filed a facially compliant Rule 604(d) certificate and Thornton contends a lack of strict compliance, this court may consult the entire record to ascertain whether counsel strictly complied with Rule 604(d). *People v. Bridges*, 2017 IL App (2d) 150718, ¶ 8.

¶ 32    Here, the record refutes counsel's certification that she amended the motion necessary to present Thornton's claim adequately. The motion alleged that Thornton was "forced" by his family to accept the plea, but the record did not support that allegation. Rule 604(d) requires that where a motion to withdraw a guilty plea is premised on facts that do not appear in the record, the motion must be supported by an affidavit. Ill. S. Ct. R. 604(d) (eff. July 1, 2017). Counsel did not include an affidavit or other evidence to support the motion.

¶ 33    The State, citing *People v. Shirley*, 181 Ill. 2d 359, 369 (1998), argues that while counsel's failure to attach an affidavit technically violated Rule 604(d), Thornton received a full and fair

hearing. See also *People v. Brown*, 2023 IL App (4th) 220573; *People v. Kocher*, 2021 IL App (4th) 200610-U; *People v. Jones*, 2021 IL App (4th) 180497-U; *People v. Jackson*, 2022 IL App (5th) 200042. We find these cases distinguishable. In each, the defendant had an evidentiary hearing and either testified or had counsel develop their claims through argument. So, the court found that each defendant had a full and fair hearing. In contrast, Thornton did not testify, and his counsel did not develop his claim through argument during the hearing. Accordingly, we do not conclude that Thornton had a full and fair hearing of his claim, and counsel failed to comply with Rule 604(d) strictly. We must remand.

¶ 34    Thornton alternatively contends that plea counsel was ineffective during the plea hearing for failing to inform the court that he has an intellectual disability. Since the same counsel represented Thornton during the plea hearing and post-plea proceedings, counsel would have to argue her own ineffectiveness. Considering this, we instruct the circuit court on remand to appoint new counsel to represent Thornton, and we need not decide whether counsel was ineffective. *People v. Jones*, 2024 IL App (1st) 221506, ¶¶ 27-33.

¶ 35    Vacated and remanded with instructions.