NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2026 IL App (4th) 250445-U

NOS. 4-25-0445, 4-25-0446 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 8, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Woodford County |
| CHAUNCEY T. WILEY, | ) | Nos. 20TR82 |
| Defendant-Appellant. | ) | 20TR83 |
| | ) | |
| | ) | Honorable |
| | ) | Scott Kording, |
| | ) | Judge Presiding. |

JUSTICE ZENOFF delivered the judgment of the court.
Justices Grischow and Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The appellate court vacated the trial court's order denying defendant's motion to withdraw his guilty plea and remanded for new postplea proceedings where counsel did not file an affidavit supporting facts outside the record and defendant was not provided a full evidentiary hearing.

¶ 2    Defendant, Chauncey T. Wiley, pleaded guilty to two traffic violations: unlawful possession of cannabis by a driver (625 ILCS 5/11-502.15(b) (West 2020)) and driving while license revoked (625 ILCS 5/6-303(a) (West 2020)). The trial court sentenced defendant to 24 months' probation; ordered him to pay fines, fees, and assessments; and required him to perform 300 hours of public service. Defendant filed a motion to withdraw his guilty plea, which the court denied. Defendant appeals, arguing that (1) the proceedings did not comply with Illinois Supreme Court Rule 604(d) (eff. Apr. 15, 2024) and (2) the parties improperly stipulated to the factual basis for the guilty plea, in violation of Illinois Supreme Court Rule 402(c) (eff. July 1, 2012). For the

reasons that follow, we vacate and remand for new postplea proceedings that strictly comply with Rule 604(d).

¶ 3                                      I. BACKGROUND

¶ 4        On January 14, 2020, a state trooper pulled over defendant on southbound Interstate 39 in Woodford County for driving 79 miles per hour in a 70 miles-per-hour zone. The officer issued defendant two citations following the traffic stop. One citation was for unlawful possession of cannabis by a driver (625 ILCS 5/11-502.15(b) (West 2020)), and the other was for driving while license revoked (625 ILCS 5/6-303(a) (West 2020)). The cases were consolidated below and are consolidated on appeal.

¶ 5        Defendant failed to attend his first appearance on March 6, 2020, so the trial court issued a warrant in each case. The warrants for defendant's arrest were executed on March 30, 2024, and his court date was set for May 1, 2024. Defendant appeared on May 1, 2024, he entered a not guilty plea, and the court appointed a public defender to represent defendant.

¶ 6        A jury trial was set for August 26, 2024. Instead of going to trial, defendant pleaded guilty to both charges. No court reporter was present at the guilty plea hearing.

¶ 7        On September 24, 2024, defendant filed a motion to withdraw his guilty plea. He asserted that a trial court generally should allow a defendant to withdraw a guilty plea where (1) it was entered on a misapprehension of the facts or of the law, or in consequence of misrepresentations of either the state's attorney or trial counsel; (2) there is doubt of the defendant's guilt; (3) the defendant had a defense worthy of consideration by a jury; or (4) the ends of justice will be better served by having a jury hear the case. In accordance with those standards, defendant argued that he should be allowed to withdraw his guilty plea because (1) "he didn't fully understand his case and he was not in his right mind when he agreed to the plea,"

(2) "he has a job, school and a newborn child so he doesn't have the ability to perform the 300 public service hours he agreed to," and (3) "the state trooper gave the alleged cannabis back so there will be no labs to support the unlawful possession of cannabis by driver charge."

¶ 8         Because no court reporter was present at the guilty plea hearing, on November 7, 2024, a "Report of Plea Hearing" (Report) was filed with the trial court and signed by both the prosecutor and defense counsel. The court reviewed the Report and declined to approve it because it contained "certain inaccuracies." On November 22, 2024, defendant filed an amended motion to withdraw his guilty plea making the same arguments as those in his original motion. On April 8, 2025, defense counsel filed a certificate pursuant to Rule 604(d).

¶ 9         Also on April 8, 2025, the trial court filed its own Report. The Report indicated as follows. On the morning of August 26, 2024, the parties informed the court that a fully negotiated plea agreement had been reached. The court reviewed the written paperwork, including the written plea of guilty and jury waiver, the proposed sentencing order, and the two proposed financial sentencing orders. The court then "orally reviewed in extensive detail the terms of the parties' plea agreement." The court explained to defendant exactly what he was pleading guilty to and everything he could and could not do for the 24 months of probation. The court further advised defendant that he must perform 300 public service hours within one year and pay fines. Defendant "orally confirmed his agreement" to the "plea-agreement terms." The court then admonished defendant as to the minimum and maximum possible penalties for each offense, which included up to 364 days in jail and up to a $2,500 fine on each charge. Defendant indicated that he understood. The court next discussed with defendant his right to go to trial. The court then advised defendant about the " 'four risks of pleading guilty,' " which he described as follows:

"(1) If you are not a United States citizen, then there could be immigration

consequences, including deportation, exclusion from the United States, or the denial of naturalization or citizenship;

(2) Registration requirements could be imposed upon you in the future [and] could restrict where you could live, work, or be present;

(3) If you plead guilty today and then commit other future offenses, then future sentences for those future offenses could be increased or made consecutive to one another; and

(4) What you are doing today could make it harder on you in life to get to keep lots of things, such as housing in the public or private market, or jobs, or firearms, or driver's licenses or other professional licenses."

Defendant affirmed that he heard and understood the " 'four risks of pleading guilty or receiving a conviction for a crime in Illinois.' "

¶ 10    The Report indicated that upon further questioning, defendant confirmed that he wanted to proceed with his plea agreement. Defendant denied that anyone forced or threatened him to plead guilty and stated that no one promised him anything, other than the promises made by the State in the plea agreement. The Report next stated:

"The court then asked the State whether there existed a sufficient factual basis. Defense counsel then stipulated that the discovery materials tendered by the State supplied a factual basis, and as to the sufficiency of the proffered factual basis.

The court then found, and confirmed by orally stating, that Defendant knew and understood his rights, that he was knowingly and voluntarily waiving his trial rights in favor of the terms of his plea agreement, and that Defendant's plea was supported by a sufficient factual basis."

¶ 11　　　　　The Report reflects that the trial court accepted defendant's plea, adjudicated him guilty on both offenses, and stated that he " 'concurred unconditionally in the terms of the plea agreement.' " The court then orally announced defendant's sentence. Next, the court orally reviewed with defendant his right to appeal. Defendant indicated that he understood. The Report was approved as to form and substance by both parties and signed by attorneys for the State and defendant, as well as the court.

¶ 12　　　　　On April 8, 2025, the trial court held a hearing on defendant's motion and amended motion to withdraw his guilty plea. At the hearing, the court asked defendant if he had any evidence to present. Defense counsel stated that defendant reported to him that the state troopers threw the cannabis out at the conclusion of the stop, so that evidence was unavailable for the possession of cannabis charge. Defendant presented no other evidence, and defendant did not testify. Defense counsel argued, consistently with his motion, the three reasons defendant should be allowed to withdraw his guilty plea, without expanding on those reasons or providing any facts supporting them. The State argued that defendant failed to claim an adequate basis for withdrawing his guilty plea. The court took the motion under advisement.

¶ 13　　　　　On May 19, 2025, the trial court denied the motion. The court stated that it had "no doubt that [defendant] knew and understood his rights at the time, [and] he was entering freely and voluntarily into a negotiated plea agreement that seemed to benefit him." The court further found that "the grounds outlined in the amended motion to withdraw did not satisfy the requirements necessary to justify the withdrawal of the guilty plea."

¶ 14　　　　　This appeal followed.

¶ 15　　　　　　　　　　　　　　II. ANALYSIS

¶ 16　　　　　　　　　　　　　A. Compliance with Rule 604(d)

¶ 17        Defendant first argues that his counsel failed to comply with Rule 604(d) because his motion to withdraw his guilty plea was based on facts not in the record and was not accompanied by an affidavit.

¶ 18        "A defendant has no absolute right to withdraw a guilty plea" and instead "must show a manifest injustice under the facts involved." *People v. Hughes*, 2012 IL 112817, ¶ 32. "Withdrawal is appropriate where the plea was entered through a misapprehension of the facts or of the law or where there is doubt as to the guilt of the accused and justice would be better served through a trial." *Hughes*, 2012 IL 112817, ¶ 32.

¶ 19        "Rule 604(d) governs the procedure to be followed when a defendant wishes to appeal from a judgment entered upon a guilty plea." *In re H.L.*, 2015 IL 118529, ¶ 7. It requires a defendant's attorney to file a certificate with the trial court asserting the following: (1) "that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain [the] defendant's contentions of error in the sentence and the entry of the guilty plea;" (2) that the attorney "has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing;" and (3) that the attorney "has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. Apr. 15, 2024). The purpose of Rule 604(d) is

> "to ensure that before a defendant appeals from a guilty plea, the trial judge who presided over the plea proceedings and sentencing is given the opportunity to hear the allegations of improprieties that took place outside the official proceedings and *dehors* the record, but nevertheless were unwittingly given sanction in the courtroom." (Internal quotation marks omitted.) *People v. Curtis*, 2021 IL App (4th) 190658, ¶ 29.

¶ 20        Strict compliance with Rule 604(d) is required. *People v. Janes*, 158 Ill. 2d 27, 32 (1994). When a motion to withdraw a guilty plea is "based on facts that do not appear of record," Rule 604(d) requires that any certificate filed by counsel "shall be supported by affidavit." Ill. S. Ct. R. 604(d) (eff. Apr. 15, 2024). If counsel files a facially compliant Rule 604(d) certificate and the defendant contends a lack of strict compliance, we will consult the entire record to ascertain whether counsel strictly complied with Rule 604(d). *People v. Bridges*, 2017 IL App (2d) 150718, ¶ 8. When considering if a certificate strictly complies with Rule 604(d), we apply a *de novo* standard of review. *Curtis*, 2021 IL App (4th) 190658, ¶ 30.

¶ 21        "The proper remedy for counsel's failure to comply strictly with Rule 604(d)'s affidavit requirement is to remand the cause to the trial court for the opportunity to file a new motion to withdraw the guilty plea and a new hearing on the motion." *People v. Jones*, 2021 IL App (4th) 180497-U, ¶ 18. However, where the defendant was afforded the opportunity in a full and meaningful evidentiary hearing to present evidence supporting his claims, remand is unnecessary. *Jones*, 2021 IL App (4th) 180497-U, ¶ 22. On the other hand, where the defendant did not receive a full evidentiary hearing because no evidence was presented and the defendant did not testify, remand is required. *People v. Thornton*, 2024 IL App (1st) 220158-U, ¶ 33.

¶ 22        Here, defense counsel filed a facially valid Rule 604(d) certificate. However, defendant's motion to withdraw his guilty plea included claims supported by facts outside the record. Therefore, an affidavit had to be filed to include the facts that were outside the record. See Ill. S. Ct. R. 604 (eff. Apr. 15, 2024). Nevertheless, no affidavit was attached to defendant's motion, thus violating Rule 604(d).

¶ 23        The State argues that remand is not necessary because defendant received a hearing on his motion to withdraw his guilty plea, citing *Jones*. In *Jones*, the defendant filed a motion to

withdraw his guilty plea, alleging (1) his sentence was excessive, (2) his plea was not voluntarily made because he felt his counsel was not acting in his best interests, (3) he did not feel comfortable with his counsel, (4) his counsel never told him he could appeal his guilty plea, and (5) he thought he had no other options than to take the negotiated plea offer. *Jones*, 2021 IL App (4th) 180497-U, ¶ 6. Counsel filed a Rule 604(d) certificate but no affidavit. *Jones*, 2021 IL App (4th) 180497-U, ¶ 7. The trial court appointed the defendant new counsel, who filed an amended motion to withdraw the plea, alleging the same grounds as the prior motion and adding a new allegation that the State and the defendant's prior counsel incorrectly considered a prior crime that the defendant did not commit. *Jones*, 2021 IL App (4th) 180497-U, ¶ 8. The defendant's new counsel filed a Rule 604(d) certificate but no affidavit. *Jones*, 2021 IL App (4th) 180497-U, ¶ 8. The court conducted a hearing, during which the defendant and his prior counsel testified about the matters raised in the defendant's motion. *Jones*, 2021 IL App (4th) 180497-U, ¶¶ 9-11. The court ultimately denied the defendant's motion. *Jones*, 2021 IL App (4th) 180497-U, ¶ 12.

¶ 24        In *Jones*, the defendant was provided a full evidentiary hearing on his motion to withdraw his guilty plea and presented evidence supporting his claims, including his own testimony. See *Jones*, 2021 IL App (4th) 180497-U, ¶¶ 9-10. As a result, this court determined that a remand was not necessary because "an affidavit would not have provided the trial court with any information that was not or could not have been presented at the hearing." *Jones*, 2021 IL App (4th) 180497-U, ¶ 23. The court further stated: "Defendant is not entitled to two bites at the apple when he had every opportunity at the full evidentiary hearing to present facts during his testimony that would have supported his claim that his guilty plea should be withdrawn." *Jones*, 2021 IL App (4th) 180497-U, ¶ 24; see *People v. Brown*, 2023 IL App (4th) 220573, ¶ 50 (asserting that *Jones*'s reasoning was "sound").

¶ 25 Here, on the other hand, the hearing was not a full evidentiary hearing, like the one in *Jones*. Neither defendant nor his counsel testified or presented any evidence. Additionally, defense counsel presented no argument beyond what was already contained in the unsupported motion and amended motion to withdraw defendant's guilty plea. As such, *Jones* is distinguishable.

¶ 26 Instead, we find the facts in *Thornton* to be more similar to those in this case. In *Thornton*, before sentencing, the defendant sent a letter to the trial court stating it was not his decision to " 'take that plea bargain' " and that his family told him to do so. *Thornton*, 2024 IL App (1st) 220158-U, ¶ 10. Counsel filed a motion to withdraw the defendant's guilty plea for the reasons stated in his letter, including that his family " 'forced' him to accept the plea." *Thornton*, 2024 IL App (1st) 220158-U, ¶ 12. Counsel attached a Rule 604(d) certificate to the motion but no affidavit. *Thornton*, 2024 IL App (1st) 220158-U, ¶ 12. The court denied the motion. *Thornton*, 2024 IL App (1st) 220158-U, ¶ 14. On appeal, the Appellate Court, First District, reversed, finding that counsel's Rule 604(d) certificate was "premature and insufficient." *Thornton*, 2024 IL App (1st) 220158-U, ¶ 16. On remand, the same attorney who represented the defendant at the plea hearing filed a motion requesting the court accept the Rule 604(d) certificate and rule on the defendant's motion to withdraw his plea. *Thornton*, 2024 IL App (1st) 220158-U, ¶ 17. At the hearing on the motion, counsel reiterated the defendant's arguments in his motions. *Thornton*, 2024 IL App (1st) 220158-U, ¶ 17. The court granted leave to file the Rule 604(d) certificate and denied the motion to withdraw the defendant's guilty plea. *Thornton*, 2024 IL App (1st) 220158-U, ¶ 18.

¶ 27 On appeal, the First District ruled that even though defense counsel's certificate was facially compliant, it failed to strictly comply with the requirements of Rule 604(d), in part

because counsel did not support the motion with an affidavit. *Thornton*, 2024 IL App (1st) 220158-U, ¶ 32. The State argued that while counsel's failure to attach an affidavit technically violated Rule 604(d), the defendant received a "full and fair hearing" on his arguments. *Thornton*, 2024 IL App (1st) 220158-U, ¶ 33. The First District disagreed, noting that the defendant did not testify and his counsel did not develop his claim through argument during the hearing. *Thornton*, 2024 IL App (1st) 220158-U, ¶ 33. Thus, the court concluded that the defendant did not have a full and fair hearing of his claim and counsel failed to strictly comply with Rule 604(d), requiring remand. *Thornton*, 2024 IL App (1st) 220158-U, ¶ 33.

¶ 28 Similarly, in *People v. Gately*, 2024 IL App (1st) 221461-U, ¶ 2, the defendant pleaded guilty to murder and then filed a motion to vacate his guilty plea. In his motion, he alleged that when he pleaded guilty " '[his] judgment was impaired due to an apparent migraine.' " *Gately*, 2024 IL App (1st) 221461-U. ¶ 10. Defense counsel filed a Rule 604(d) certificate but no affidavit. *Gately*, 2024 IL App (1st) 221461-U, ¶ 10. The trial court held a hearing and denied the motion to vacate. *Gately*, 2024 IL App (1st) 221461-U, ¶¶ 11, 17. On appeal, the First District reversed, stating counsel "did not provide a supporting affidavit, call [the] defendant to testify, present any other evidence, or make any argument on his behalf." *Gately*, 2024 IL App (1st) 221461-U, ¶ 24. Accordingly, the court found counsel failed to strictly comply with Rule 604(d) and vacated the trial court's judgment and remanded for new postplea proceedings. *Gately*, 2024 IL App (1st) 221461-U, ¶ 30.

¶ 29 The hearing in this case was more like the hearings in *Thornton* and *Gately* than the one in *Jones*. Defense counsel did not file an affidavit, and at the hearing on the motion to withdraw his guilty plea, defendant did not testify, no evidence was presented, and counsel argued only what was contained in the original and amended motions to withdraw defendant's guilty plea.

Thus, like the First District in *Thornton* and *Gately*, we find that defense counsel did not strictly comply with Rule 604(d). Therefore, we vacate the trial court's judgment denying defendant's motion to withdraw his guilty plea and remand for new postplea proceedings where defense counsel must strictly comply with Rule 604(d). See *Gately*, 2024 IL App (1st) 221461-U, ¶ 30; *Thornton*, 2024 IL App (1st) 220158-U, ¶ 33.

¶ 30                                    B. Compliance with Rule 402(c)

¶ 31       Because we are vacating the trial court's judgment and remanding for further proceedings, we need not consider defendant's second argument—that the court violated Rule 402(c).

¶ 32                                         III. CONCLUSION

¶ 33       For the reasons stated, we vacate the trial court's judgment and remand for further proceedings.

¶ 34       Vacated and remanded for further proceedings.